MAY v. CHARLES HOERTZ & SON.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDUSTRIAL ACCIDENT BOARD—CONTRACT FOR ATTORNEY'S FEES—APPROVAL.

Under section 10, part 3, of the workmen's compensation act, the industrial accident board has jurisdiction to fix the fees of attorneys as between themselves and injured employees or their dependents, and any contracts for fees for such services, in order to be valid and enforceable, must meet with the approval of said board.

2. SAME—CONSTITUTIONAL LAW—RIGHT TO CHOOSE ATTORNEY.

Said section is not unconstitutional as limiting the right of any suitor in any court in this State to prosecute or defend his suit, either in his own proper person or by an attorney or agent of his choice, in violation of section 12, art. 2, Const. Michigan, the industrial accident board not being, in contemplation of law, a court.

3. SAME—CERTIORARI—EXCESSIVE ATTORNEY'S FEES — JUDGMENT—STATUTES.

On certiorari to review the action of the industrial accident board in reducing the amount of the fee retained by claimant's attorneys from the amount awarded her under the workmen's compensation act, and paid to them,

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

neither this court nor said board under said special statutory proceeding has authority to enter a judgment for such excess amount retained.

Certiorari to Industrial Accident Board. Submitted October 18, 1918. (Docket No. 86.) Decided January 15, 1919.

Frances May presented her claim for compensation against Charles Hoertz & Son and others for the accidental death of her husband in defendants' employ: On petition of claimant against Thompson & Temple for an adjustment of attorneys' fees in said matter. From an order determining the amount due, defendants bring certiorari. Affirmed.

*Thompson & Temple, in pro. per.*

*Ellis & Ellis,* for appellee.

STONE, J. This is a controversy between the claimant and her attorneys, Thompson & Temple, relating to the amount of attorney fees due to the latter for their services and expenses in the litigation of claimant's claim for compensation in *Opitz* v. *Hoertz*, 194 Mich. 626. In that case this court held that the owner of the premises, Brown & Sehler Co., was liable under the workmen's compensation law. After that case was remanded to the industrial accident board for further proceedings, such further proceedings were had which resulted in the allowance to claimant, as the dependent of her deceased husband, Fred May, of the sum of $5.54 per week for 300 weeks to be paid by Brown & Sehler Co.

The industrial accident board found that on April 25, 1917, there was due to claimant $642.64 accrued compensation, and on April 30, 1917, Brown & Sehler Co. paid said $642.64 to claimant and she signed a

receipt for that sum. The compensation due and to become due for the entire period of 300 weeks aggregates $1,662. Thompson & Temple, claiming that they had a contract with claimant in and by the terms of which they were to receive from her 25 per cent. of the amount recovered or awarded, for their services and expenses and having said check indorsed by claimant in their possession, caused the same to be cashed, and deducted and kept from the amount 25 per cent. of the entire compensation awarded, or $415.50, as their attorney fees.

Claimant denied that there was any such agreement, or any agreement as to the amount of compensation; and presented to the industrial accident board her petition wherein she prayed, among other things, that said board should hear the petition and consider all the facts and testimony that might be produced, and fix the compensation that Thompson & Temple ought to have for their work and expenses, and that an order might be made specifying how much of said $415.50 said attorneys had the right to retain, and how much of it they should pay back to petitioner.

Thompson & Temple answered the petition setting forth their claim as above stated, alleging that the amount of their fees as agreed upon had been settled according to the terms of the agreement, and paid, and that the transaction was closed. Testimony was taken and the matter was submitted to the board. The record shows that by stipulation of counsel for the respective parties, "it was agreed that any of the records and files in the case, including the printed record, could be used by either party on the argument in this case or in their briefs."

The industrial accident board in a written finding reviewed the facts in the case, and said in part:

"It seems to us that the only question in this case is, What was the value of the services performed for

Mrs. Frances May by Thompson & Temple as her attorneys? Section 10 of part 3 of the workmen's compensation law provides in part as follows:

" 'The fees and the payment thereof, of all attorneys   *   *   * for services under this act shall be subject to the approval of the industrial accident board.' [2 Comp. Laws 1915, § 5463.]

"The board understands this provision to mean that the board has jurisdiction to fix the fees of attorneys as between themselves and the injured employees, or the dependents of injured employees under the workmen's compensation law. The attorneys, Thompson & Temple, deny this power of the board and claim in their brief that they had a right to make a 25 per cent. contract with Mrs. Frances May, and that the parties had a right to settle on that basis, and that they did so, and that there is nothing more to the matter.

"If this were an ordinary contract in an ordinary business transaction between the parties, that view might be correct, but it seems to us that it was the clear intent of the workmen's compensation law to provide that the amount of attorney fees for injured employees, and their dependents, should be subject to the control of the industrial accident board."

After reviewing the evidence and the files and records before it, the board concluded as follows:

"From all the files, records, proceedings and testimony in this case, the board finds:

"(a) That a reasonable allowance to Thompson & Temple, attorneys for Frances May in this case, to cover and pay for all their services, and to pay back any expenses they may have paid out, is the sum of $125.

"(b) That on or about April 30, 1917, said Thompson & Temple retained $415.50 of the money paid to Mrs. Frances May when they should have retained only $125, so that they have retained $290.50 more than they should have retained.

"(c) That said Thompson & Temple, a copartnership composed of George W. Thompson and Fred C.

Temple, should forthwith pay to Frances May the said sum of $290.50.

"(d) That it is the duty of the industrial accident board to pass upon the question of attorneys' fees in this case.

"An order will be entered in conformity with the terms of these findings."

A formal order was subsequently entered, and Thompson & Temple have brought the matter here for review, by certiorari.

There are many assignments of error; but in their brief, and upon the hearing before us, appellants relied upon the points that there was a contract between the parties, and a settlement, and for that reason the industrial accident board has no jurisdiction in the matter. And it was further contended that, if such power is given to the board by the statute above referred to, the same is unconstitutional and void.

1. An examination of the record satisfies us that there was evidence to sustain the findings of fact by the board, above referred to. The industrial accident board did not distinctly find whether or not the contract as claimed by Thompson & Temple with the claimant had been made. Conceding, but not deciding, that said contract was made as claimed by Thompson & Temple, it is not claimed that it was ever approved by the industrial accident board, as is required by section 10 of part 3 of the act. The provision of the statute above referred to is plain and unequivocal, and provides in terms that the fees and the payment thereof of all attorneys for services under the act shall be subject to the approval of the industrial accident board. We agree with the conclusion reached by the board, that under this provision it has jurisdiction to fix the fees of attorneys as between themselves and injured employees, or the dependents of injured employees, under the workmen's compensation law. This view is not an anomaly; it is in accord with other

provisions of the same statute.    Section 5 of part 3 of the act (2 Comp. Laws 1915, § 5458) is as follows:

"If the employer, or the insurance company carrying such risk, or commissioner of insurance, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

We have held repeatedly that the validity and binding force of an agreement between the employer and employee depend upon the approval of the board.    A citation of the authorities upon this point is unnecessary.    We think there is nothing unreasonable or inconsistent with the general terms of the act to hold, as we must, that attorney fees for services under the act in order to be valid and enforceable must meet with the approval of the industrial accident board. This, in a proceeding like the instant one, gives that board authority and right, upon petition and proper showing, to settle and fix the amount of compensation for services.

2. Referring to the question of the constitutionality of this provision and of the act generally, we need refer only to the case of *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich. 8.    In that case, on page 26, the following language was used by Justice STEERE, who wrote the unanimous opinion of this court:

"It is urged that the clause of the act making attorneys' and physicians' fees in accident claims adjusted under its provisions subject to the approval of the industrial accident board, and providing that no payment under this act shall be assignable or subject to attachment or garnishment, or be held in any way for any debts, is unconstitutional as limiting the right of contract, preventing the injured party from em-

ploying an attorney of his choosing. In support of this contention, section 12, art. 2, of the Constitution, is cited, which is as follows:

"'Any suitor in any court in this State shall have the right to prosecute or defend his suit, either in his own proper person or by an attorney or agent of his choice.'

"The industrial accident board is not, in contemplation of law, a court, and a claimant before it for damages resulting from personal injuries is not strictly a 'suitor in any court,' but the right of a claimant to select and employ an attorney or agent to represent him in the matter is recognized by the provision referred to. These restrictions in the act, as applied to those who submit to its provisions by election, certainly cannot be held unconstitutional. They were deemed by the legislature proper and necessary to safeguard the interests of the class for whose benefit largely this act to 'promote the welfare of the people of the State,' was passed; they are germane to the purpose of the act, and in the light of conditions previously existing in litigation over personal injuries to workmen, of which courts of last resort have taken judicial notice in construing workmen's compensation acts, are beneficial and appropriate, if not essential, to an efficient administration of the law.

"We do not deem it necessary to review in detail the underlying reasons which are recognized as fully justifying and sustaining these special provisions, but those interested in that particular will find them graphically elaborated by Judge McPherson in *Hawkins* v. *Bleakley*, 220 Fed. 378, and discussed in detail in *Cunningham* v. *Improvement Co.*, 44 Mont. 180 (119 Pac. 554), and also pertinent reflections by Lord Justice Stirling in *Ayres* v. *Buckeridge* [1902], L. R. 48 K. B. Div. 57."

It is urged by counsel for appellee that this court should enter judgment in this proceeding, and cause execution to be issued for the amount thereof. An examination of the statute referred to by counsel, satisfies us that this court has no such power. No judgment has been entered in this proceeding, and neither

the industrial accident board nor this court has authority to enter a judgment. This is a special statutory proceeding; an exercise of the police power of the State.

The order of the industrial accident board is affirmed, with costs.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.