### PEARSON *v.* GILLARD.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—JURISDICTION OF DEPARTMENT TO FIX ATTORNEY'S FEE EXISTS ONLY IN CASE OF DISAGREEMENT.

   Under Comp. Laws Supp. 1922, § 5463, amending the workmen's compensation act, the department of labor and industry has no jurisdiction to fix an attorney's fee except in the event of disagreement between the parties.[1]

2. SAME—DEPARTMENT WITHOUT JURISDICTION TO REDUCE FEE PAID WHERE NO DISAGREEMENT EXISTED.

   Where a claimant under the workmen's compensation act agreed with her attorney as to the amount of his fee, and, on receiving a lump sum settlement of her claim, paid same, the department of labor and industry was without jurisdiction, ten months later, to fix the amount of said fee and order the attorney to return all over that amount.[2]

Certiorari to Department of Labor and Industry. Submitted June 3, 1925.   (Docket No. 17.)   Decided July 16, 1925.

Fannie Helder Pearson filed a petition against

---

[1]Workmen's Compensation Acts, C. J. § 150 (Anno); [2]Id., C. J. § 150 (Anno).

On recovery of attorney's fees under workmen's compensation act, see notes in L. R. A. 1916A, 181; L. R. A. 1917D, 185.

Joseph R. Gillard to fix an attorney fee in a workmen's compensation case. From an order granting the petition, defendant brings certiorari. Reversed, and order vacated.

*Clare J. Hall,* for appellant.

*Francis D. Campau,* for appellee.

BIRD, J. Plaintiff's husband, Dick Helder, received an accident in the plant of the Luce Furniture Company, and died as a result thereof on February 2, 1920. An application was made for a death award and was refused by the arbitration board. Later the matter was taken in hand by defendant as attorney. He caused the body of Helder to be exhumed and a *post mortem* examination to be held. He afterwards took an appeal to the full board and it allowed an award of $14 a week for 300 weeks. After receiving compensation for a time plaintiff applied for a lump sum settlement. This was granted. She received her money and paid defendant for his services, which amounted to nearly half of the amount she received. His charges, however, included other services. The plaintiff was married a little less than a year- after she settled with defendant, and her husband thought she had paid defendant more than she should. He came to Lansing and caused a petition to be made and filed with the compensation board, praying that it fix defendant's fees. The board acted upon the petition and fixed defendant's fee at the sum of $354, and ordered him to refund the difference. From this order defendant brings certiorari.

Defendant argues that the industrial accident board had no jurisdiction to fix his fees, and cites the following statute, which is a recent amendment to the compensation law:

"The cost of such arbitration, including the cost of taking stenographic notes of the testimony presented

at such hearing, not exceeding, however, the taxable costs allowed in suits at law in the circuit courts of this State, shall be fixed by the board and paid by the State as the other expenses of the State are paid. The fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of the industrial accident board. In the event of disagreement between the parties as to the fees for services of attorneys and physicians, either party may apply to the board for a hearing in accordance with the terms of section fourteen, part three, of the act." Comp Laws Supp. 1922, § 5463.

Counsel argues that the board has no jurisdiction "except in the event of disagreement between the parties," and that there was no disagreement between the parties in this case. It was evidently the intention of the legislature that the board should have no jurisdiction in such matters unless there was a disagreement between the parties. It simply provided a method for settling a disagreement over lawyers' and doctors' fees if there were one. The language is too plain to need any construction. A reading of the record convinces us that there was no disagreement between the parties. When the lump sum settlement was made and paid plaintiff settled with defendant and expressed herself as well pleased over the outcome. She had reason to be pleased because she would have received nothing had it not been for defendant's efforts. Ten months elapsed and plaintiff remarried. Her new husband thought she had paid defendant too much. He went to see the board. They gave him a blank and he took it to a lawyer to fill out. It was put up to her and she signed it and it was filed. We have read her testimony very carefully and she does not say that there is now any dissatisfaction or disagreement between her and the defendant. The disagreement, if any exists, is between the husband of plaintiff and defendant. This is not important as it is not his matter.

We think the industrial accident board was without jurisdiction to fix the fees under all the circumstances of the case. The award will be set aside, with costs to the defendant.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. WIEST, J., did not sit.