VELLENOWETH *v.* GENERAL MOTORS BUILDING
CORPORATION.

1. MASTER AND SERVANT—RIGHT OF CLAIMANT TO HAVE ATTORNEY'S
FEES FIXED BY DEPARTMENT.
Claimant, who disputes fees charged by attorney for his services
in workmen's compensation case, has right under the statute
to have the matter passed on by the department of labor and
industry; and it is immaterial whether attorney was employed
by her or her agent, who is satisfied with fees charged.

2. ATTORNEY AND CLIENT—AGREEMENT AS TO FEES TO BE CHARGED.
Where attorney offered his services to claimant in workmen's
compensation case, stating that his charges would be on
*quantum meruit* basis and as reasonable as possible, and by
letter his offer was accepted on condition that he charge
nothing in case he was unsuccessful, to which he did not
reply but went ahead with his employment, he must be held
to have done so under conditions proposed, and later action
by claimant's agent agreeing to contingent fee does not matter.

3. MASTER AND SERVANT—ATTORNEY'S FEES—DEPARTMENT HAS
RIGHT TO CONSIDER FILES IN FIXING ATTORNEY'S FEES.
Department of labor and industry, having before it the files
in workmen's compensation case and all proceedings, had
right to consider number of witnesses sworn, time taken on
hearing, and whether case was complicated or one easily and
quickly determined, in fixing attorney's fees in said case, and
was not bound to accept his statement as to number of hours
he worked.

4. SAME—AWARD CORRECTED AND AFFIRMED.
Where department of labor and industry determined amount of
attorney's fees in workmen's compensation case, but made
an error in subtracting same from amount retained by him,
error is corrected, on review, and award affirmed as corrected.

Certiorari to the Department of Labor and Industry. Submitted April 2, 1929. (Docket No. 19, Calendar No. 33,896.) Decided June 3, 1929.

Thomasine Vellenoweth presented her claim for compensation against the General Motors Building Corporation and Royal Indemnity Company for the accidental death of her husband in defendant building corporation's employ. From an order of the department of labor and industry determining the fees of Henry H. Roberts for his services as attorney for plaintiff, he brings certiorari. Corrected and affirmed.

*Bryant, Lincoln & Miller,* for plaintiff.

*Henry S. Sweeny,* for appellant.

McDONALD, J.    This is a review by certiorari of an award of the department of labor and industry fixing the fees of defendant, Roberts, for attorney's services in representing the plaintiff in prosecuting her claim for compensation against the defendants, General Motors Building Corporation and Royal Indemnity Company.

On September 22, 1922, Edward Vellenoweth died in the city of Detroit as the result of injuries arising out of and in the course of his employment by the General Motors Building Corporation. He was survived by his widow, Thomasine Vellenoweth, the plaintiff in this case, who resided in Cornwall, England. She employed defendant Henry H. Roberts, a Detroit lawyer, to prosecute a claim for compensation. He performed this service, obtained an award for $3,060, out of which he retained $1,020 for his fees. Claiming that the fees charged were excessive, the plaintiff referred the matter to the British consul at Detroit, who filed a petition asking that the attorney's fees be fixed by the department of labor and industry. The deputy commissioner before whom the petition was heard determined that $125

was a reasonable fee for Mr. Roberts' services, and directed that he return to the plaintiff $775 of the amount which he had retained. The determination of the commissioner was affirmed by the board, and is here reviewed on writ of certiorari.

It is first urged by the defendant that the department of labor and industry is without authority to fix his fees because there is no disagreement between the parties in relation thereto.

Before the claim for compensation was filed, Mr. Roberts wrote to Mrs. Vellenoweth offering his services as an attorney and suggesting that she appoint James H. Cullen of Detroit as her attorney in fact to represent her in this country. He inclosed a power of attorney and a claim for compensation, which he requested her to sign and return to him. As to compensation for his services, the letter contained the following statement:

"Our compensation in this matter will depend upon the amount of work done, of which we will keep a record, and will make as reasonable a charge against you for the services we perform as we possibly can under the circumstances."

Mrs. Vellenoweth signed the papers, and by her attorneys in England mailed them to Mr. Roberts. In their letter to him they said:

"We may say our client is exceedingly poor and should you not be successful in the action she will not be able to pay your expenses. We are afraid therefore you must take same upon the understanding that you will not be paid unless you are successful in the action."

Upon receipt of this letter, Mr. Roberts entered upon the services for which the fees in question were charged. It is his claim that he was employed by

Mr. Cullen, the attorney in fact, that Cullen agreed to pay him for his services one-third of the amount recovered, that he has been paid that amount, that Cullen is satisfied, that Mrs. Vellenoweth has nothing to say about it, and that therefore there is no disagreement as to fees. We do not agree with this contention. The compensation act undertakes to protect a claimant against excessive attorney's fees by requiring their approval by the board in case of disagreement between the parties. *Pearson v. Gillard*, 231 Mich. 541.

On the question of the jurisdiction of the board, we regard it as wholly immaterial whether Mrs. Vellenoweth, who is the real party in interest, employed the attorney or did it through an agent. She disputes the fees, and has a right, under the statute, to have the whole matter passed on by the board. And this right is unaffected by the fact that the agent is satisfied with the fees charged. It is not his matter. We think there is no question as to the jurisdiction of the board to fix the fees in this proceeding.

But Mr. Roberts insists that in any event he is entitled to a fee amounting to one-third of the compensation recovered because that was the agreement with Mr. Cullen who had authority to make a binding agreement for Mrs. Vellenoweth.

Mr. Roberts was not employed by Cullen. He offered his services to Mrs. Vellenoweth by letter, in which he stated in substance that his charges would be on a *quantum meruit* basis. She accepted his offer to look after her interest on condition that if he did not succeed in recovering compensation he should receive nothing for his services. It is true that Mr. Roberts did not answer this letter and in express language accept her counter proposal as to

his fees. But on receipt of it, he at once filed her claim for compensation and began to render the services in question. By thus going ahead with his employment, after receipt of her letter, he must be held to have done so under the conditions therein proposed, which were that he was to keep a record of his services, make his charges as reasonable as possible, and charge nothing if not successful in recovering compensation. What the agent assumed to do afterwards does not matter. In view of this conclusion, the question before the board was what Mr. Roberts' services were reasonably worth. Was there any evidence to support the finding that they were worth $125?

Mr. Roberts kept no record of the services rendered because he evidently expected to be paid on a contingent basis. His testimony as to the time spent was very indefinite, but he placed it at 100 hours. The board was not bound to accept his statement as to the number of hours he worked. The members of the board have had extensive experience in all matters pertaining to the prosecution of claims for compensation. In this instance they had before them the files and all of the proceedings in the original case, they knew the number of witnesses sworn and the length of time taken on the hearing, and they knew the nature of the case, whether it was a troublesome, complicated issue or a simple matter easily and quickly determined. All of these matters they had a right to consider in determining the reasonableness of the attorney's fees charged. We cannot say that there was not evidence to support their finding.

Some other questions are argued by counsel in their briefs. We have considered them but think they do not require discussion.

In the award there was evidently an error in subtracting the $125 fee allowed from the $1,020 retained by Mr. Roberts.   The difference is $895 which represents the amount he is required to refund.

With this correction, the award is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.