RENCH v. KALAMAZOO STOVE & FURNACE CO.

1. WORKMEN'S COMPENSATION—JURISDICTION OF DEPARTMENT—ATTORNEY FEES.

The department of labor and industry has jurisdiction to approve of fees and payment thereof of all attorneys for services rendered under the workmen's compensation act whether there is disagreement between the parties as to fees for such services or not (2 Comp. Laws 1929, § 8449).

2. SAME—ATTORNEY FEES—DISCRETION OF DEPARTMENT.

Award of attorney fees in the amount of $520, agreed to between plaintiff and his attorneys for services rendered incident to appeal to Supreme Court by employer, to be paid out of moneys falling due plaintiff after expiration of period for which lump sum settlement had been made *held*, not an abuse of discretion on part of department of labor and industry where plaintiff was without financial means and defendant's appeal reasonably required the services of an attorney and constituted a special circumstance directly connected with plaintiff's rights under the workmen's compensation act (2 Comp. Laws 1929, §§ 8438, 8449).

3. SAME—ADVANCEMENT OF ATTORNEY FEES—POSSIBILITY OF DEATH OF EMPLOYEE.

That plaintiff employee might die before accrual of advancement made for attorney fees and leave no dependents, which followed period covered by lump sum settlement, would not preclude award to plaintiff for such fees (2 Comp. Laws 1929, § 8449).

4. SAME—HAND INJURY—FURTHER COMPENSATION.

Award of attorney fees as a further advancement to employee who had suffered loss of the industrial use of both hands and had received the then present worth of compensation for 270 weeks *held*, proper where evidence at hearing on petition justified finding that plaintiff's disability was total and their very nature rendered them permanent (2 Comp. Laws 1929, §§ 8438, 8449).

Appeal from Department of Labor and Industry. Submitted June 13, 1939. (Docket No. 70, Calendar No. 40,498.) Decided October 20, 1939.

James Rench presented his claim against Kalamazoo Stove & Furnace Company, employer, for compensation for injuries sustained in defendant's employ. On petition by plaintiff for payment of attorneys' fee. From order granting petition, defendant appeals. Affirmed.

*Carney & Carney,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

WIEST, J. September 17, 1937, plaintiff, while in the employ of defendant company, by accidental injury suffered permanent loss of the industrial use of both hands. March 16, 1938, he was awarded compensation of $18 per week from September 17, 1937, for 500 weeks. Defendant appealed from the award based on a finding of permanent disability, claiming it should have been a specific award for loss of fingers, carrying the statutory compensation only, for 270 weeks. 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160). · We affirmed the award with the modification that it continue only until further order, stating:

"It may be possible that plaintiff can acquire some industrial use of his hands and, if so, defendant should not be precluded from having such a future condition properly adjudicated." *Rench* v. *Kalamazoo Stove & Furnace Co.,* 286 Mich. 314, 321.

The modification was made.

April 7, 1938, plaintiff petitioned for a lump sum advancement of the compensation for 270 weeks, under the provisions of 2 Comp. Laws 1929, § 8438,

as amended by Act No. 148, Pub. Acts 1935
(Comp. Laws Supp. 1935, § 8438, Stat. Ann.
§ 17.172), to enable him to purchase a farm, and
April 13, 1938, an order of the department granted
the advancement in the sum of $3,900.98, which was
the then present worth of compensation for 270
weeks. No appeal was taken from this order, evi-
dently because it was within the admitted liability
of defendant, and it was immediately paid. With
this money plaintiff purchased and, to some extent,
stocked a farm. November 10, 1938, we handed down
our mentioned opinion.

November 22, 1938, plaintiff petitioned for a fur-
ther advancement in order to pay his attorneys $520
for their services, stating therein:

"That the plaintiff was without means to defray
the expenses of said appeal, and that he did employ
Carney & Carney to defend said award in the Su-
preme Court, and that they have advanced out of
their own funds all expenses incident thereto, and
have not been paid anything for their services or
expenses, and plaintiff is not in a financial position
at this time to pay for said services and expenses.

"That plaintiff has agreed with Carney & Carney
and they have agreed with plaintiff that their entire
charges for expenses, printing of briefs and legal
services in said cause be fixed by this commission at
the sum of $520, plus taxable costs."

Defendant filed objections. Testimony was taken
relative to plaintiff's physical disability and finan-
cial condition and the department, upon a finding
that "plaintiff is totally disabled and that such total
disability is permanent and will continue for the full
period of 500 weeks; * * * that it is for the best
interest of plaintiff that the prayer of the petitioner
be * * * allowed; * * * that the amount of
said attorney fee and expenses is a reasonable

amount and the same is hereby approved,'' ordered that defendant pay $520 to the attorneys from the first payments falling due after the expiration of the period of 270 weeks previously advanced.

Defendant appealed and contends that the department is without jurisdiction to fix attorney fees, except in case of dispute between the plaintiff in a compensation proceeding and his attorney, citing 2 Comp. Laws 1929, § 8449 (Stat. Ann. § 17.184). That statute provides:

"The fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of the industrial accident board.* In the event of disagreement between the parties as to the fees for services of attorneys and physicians, either party may apply to the board * for a hearing."

In the instance at bar plaintiff and his attorneys agreed upon the fees and the department approved the agreed amount as empowered so to do by the statute. The point of want of jurisdiction is without merit.

Defendant claims that the facts do not warrant the order. The ordered advancement was against objection by defendant and in such case the statute, 2 Comp. Laws 1929, § 8438, as amended by Act No. 148, Pub. Acts 1935, provides:

"And said board * may at any time direct in any case, if special circumstances be found which in its judgment require the same, that the deferred payments be commuted on the present worth thereof at five per cent. per annum to one or more lump sum payments, and that such payments shall be made by

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished.    See 2 Comp. Laws 1929, § 8312 (Stat. Ann. § 17.3).
—REPORTER.

the employer or the insurance company carrying such risk, or the commissioner of insurance, as the case may be.''

Counsel for defendant contend that the advancement to pay the attorneys was not a special circumstance justifying the order but an abuse of discretionary judgment.

Plaintiff was without financial means. Defendant, by appeal, brought the award to review in this court. The presentation in behalf of plaintiff reasonably required the services of an attorney and constituted a special circumstance directly connected with plaintiff's beneficial rights under the compensation statute, and the reasonable expenses of such services may be met and cared for out of an award under the approved agreement and proceedings had. Counsel for defendant stress the possibility of the death of plaintiff before the advancement, measured by the amount of weekly payments, will accrue, and consequent loss to defendant. This argument was made in *McMullen* v. *Gavette Construction Co.,* 207 Mich. 586, and rejected.

At the hearing on the petition evidence was introduced fully justifying the finding that plaintiff's disability was total and the very nature of his injuries rendered the same permanent. This issue and evidence thereon was proper in supplement of and showing continuation of the original award for total and permanent disability.

The award is affirmed, with costs to plaintiff.

Butzel, C. J., and Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.