GROSS v GREAT ATLANTIC & PACIFIC TEA COMPANY

Docket No. 77-3122. Submitted October 17, 1978, at Detroit.—Decided December 5, 1978. Leave to appeal applied for.

Adolph Gross suffered a back injury while working for the Great Atlantic & Pacific Tea Company. He later petitioned for and received worker's disability compensation benefits. A & P later filed a petition to stop compensation and an alternative petition to divert benefits. The hearing referee denied A & P's petitions and awarded expert witness and attorney fees to Gross. A & P appealed to the Workmen's Compensation Appeal Board which reversed the referee on the subject of expert witness and attorney fees. Adolph Gross now appeals to the Court of Appeals by leave granted. *Held:*

The Worker's ·Disability Compensation Act and Rule 14 of the Workmen's Compensation Bureau Rules are explicit and provide for no attorney fees or other expenses in a petition to stop compensation.

Affirmed.

1. WORKMEN'S COMPENSATION—WORKER'S DISABILITY COMPENSATION ACT—REMEDIAL ACT—LIBERAL CONSTRUCTION.

The Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee.

2. WORKMEN'S COMPENSATION—ATTORNEY FEES—COSTS—STATUTE.

The general rule in worker's disability compensation cases is that each party pays his or her own attorney fees and costs unless a statute specifically provides otherwise (MCL 418.858; MSA 17.237[858]).

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION BUREAU POWERS.

The Workmen's Compensation Bureau is a creature of the Legis-

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation §§ 27-33.
[2] 82 Am Jur 2d, Workmen's Compensation §§ 644-647.
[3] 81 Am Jur 2d, Workmen's Compensation §§ 79-82.

lature and has no more power than explicitly given to it by the Legislature.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.,* for plaintiff.

*Lacey & Jones* (by *John L. Salter),* for defendant.

Before: BEASLEY, P.J., and R. B. BURNS and J. H. VANDER WAL,* JJ.

J. H. VANDER WAL, J. Plaintiff Adolph Gross appeals by leave granted from a July 21, 1977, Workmen's Compensation Appeal Board order which reversed a hearing referee decision awarding plaintiff $425 in expert witness fees and $400 in actual attorney fees. The referee awarded the fees when he denied defendant's petition to stop compensation and its alternative petition to divert benefits.

Plaintiff suffered a back injury on July 13, 1968, while lifting heavy pieces of meat in the course of his employment. Thereafter, plaintiff petitioned for and received worker's compensation benefits. But on October 17, 1974, defendant filed a petition to stop compensation and an alternative petition to divert benefits. Defendant claimed that plaintiff was capable of resuming employment.

At the hearing on defendant's petitions, it was shown that plaintiff had secured part-time employment as a meat-counter clerk but did not lift heavy pieces of meat or cut meat. Plaintiff's physician-witness testified to plaintiff's continuing disability to cut meat and defendant's physician-witness testified that plaintiff could work but that he

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

would order lighter work for plaintiff because of the subjective complaints of back pain.

The hearing referee denied defendant's petitions and awarded plaintiff expert witness and attorney fees. Defendant appealed to the Workmen's Compensation Appeal Board and the board reversed the referee on the subject of expert witness and attorney fees. Plaintiff now appeals by leave to this Court. We affirm.

It is certainly true that the Worker's Disability Compensation Act is remedial in nature and should be construed in a liberal and humanitarian manner in favor of the employee. See *e.g., Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973), *lv den,* 391 Mich 780 (1974). But the general rule in worker's compensation law is that each party pays his or her own attorney and costs unless a statute specifically provides otherwise. 3 Larson's Workmen's Compensation Law, §§ 83.11 & 83.20, pp 15-584 and 15-626; and see *State Farm Mutual Automobile Ins Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973).

MCL 418.858; MSA 17.237(858) addresses the matter of costs in worker's compensation cases:

"Sec. 858. The cost of such hearing, including the cost of taking stenographic notes of the testimony presented at such hearing, not exceeding the taxable costs allowed in actions at law in the circuit courts of this state, shall be fixed by the director and paid by the state as other expenses of the state are paid. The fees and payment thereof of all attorneys and physicians for services under this act shall be subject to the approval of a hearing referee. In the event of disagreement as to such fees, an interested party may apply to the bureau for a hearing. After an order by the referee, review may be had by the director if a request is filed within 15 days.

Thereafter the director's order may be reviewed by the appeal board on request of an interested party if a request is filed within 15 days. The director, by rule, may prescribe maximum attorney fees and the manner in which the amount may *be determined or paid by the employee.* When fees are requested in excess of that provided by rule, the director may award such fee by special order." (Emphasis added.)

But this statute, as did its predecessors, applies to disputes between attorneys and their clients; it does not apply to disputes between parties. See *Rench v Kalamazoo Stove & Furnace Co,* 290 Mich 476, 479–480; 287 NW 884 (1939), *Pearson v Gillard,* 231 Mich 541, 543; 204 NW 725 (1925), *May v Charles Hoertz & Son,* 204 Mich 432, 436–437; 170 NW 305 (1919).

The Workmen's Compensation Bureau is a creature of the Legislature and has no more powers than explicitly given to it by the Legislature. Attorneys' fees, other fees, and expenses must be borne by the parties themselves in the absence of a statute shifting the incidence of such expenses. MCL 418.858; MSA 17.237(858) and Rule 14 of the Workmen's Compensation Bureau Rules, 1972 AACS R 408.44, are explicit and provide for no attorney fees or other expenses in a petition to stop compensation.

Plaintiff points to no other statutes or cases which might authorize the hearing referee's action in awarding plaintiff expert witness and attorney fees. Our review of the law indicates that no such authorization exists.

The equities in this case are with plaintiff, but his remedy is with the Legislature and not with the courts.

Affirmed.