GRABOWSKI v GENERAL MOTORS CORPORATION

Docket No. 113529. Submitted March 7, 1990, at Lansing. Decided April 30, 1990.

A hearing referee for the Bureau of Workers' Disability Compensation determined Joseph Grabowski, an employee of General Motors Corporation, to be totally and permanently disabled from employment. General Motors was ordered to pay weekly benefits for a period of 215 weeks, after which the Second Injury Fund would assume the obligation for weekly benefits. Both General Motors and the fund commenced payment of seventy percent of the awarded benefits while the fund pursued an appeal from the referee's decision. The Workers' Compensation Appeal Board modified the referee's decision by reversing the finding of total and permanent disability, thereby absolving the fund from liability. The fund sought recovery of the interim benefits it had paid to Grabowski. The referee ruled that General Motors was entitled to a credit for the interim benefits paid by the fund, and that the fund was entitled to be reimbursed by General Motors. The referee also determined that Grabowski was entitled to attorney fees in the amount of thirty percent of sums paid in escrow by General Motors, which payments duplicated the fund's payments of interim benefits. The appeal board reversed the referee's decision as to the issues of credit and reimbursement. The board, however, did not address the attorney fees issue, finding it to be moot. The fund appealed by leave granted.

The Court of Appeals *held:*

1. An employer is entitled to a credit for seventy percent benefits paid by the Second Injury Fund during the pendency of an appeal, where the appeal board determines the fund to have no obligation to the claimant. Moreover, the fund is entitled to reimbursement for such amount from the employer.

2. The sums paid in escrow by General Motors are not "accrued compensation" upon which an award of attorney fees of as much as thirty percent may be made pursuant to the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 641, 642, 659, 660.
See the Index to Annotations under Workers' Compensation.

workers' compensation act and an administrative rule of the workers' compensation bureau.

Reversed.

WORKERS' COMPENSATION — CREDIT FOR BENEFITS PAID — SECOND INJURY FUND.

An employer is entitled to credit for interim benefits paid by the Second Injury Fund during the pendency of an appeal from a hearing referee's determination of total and permanent disability, where the Workers' Compensation Appeal Board determines the fund to have no obligation to the claimant; in such case, the fund is entitled to reimbursement from the employer for the amount of interim benefits paid by the fund (MCL 418.521, 418.862; MSA 17.237[521], 17.237[862]).

*Dan A. Manason,* for Joseph Grabowski.

*Frank J. Kelley,* Attorney General, and *Ray W. Cardew, Jr.,* and *Morrison Zack,* Assistant Attorneys General, for the Second Injury Fund.

Before: GRIFFIN, P.J., and WAHLS and BRENNAN, JJ.

PER CURIAM. Defendant Second Injury Fund appeals by leave granted from a November 2, 1988, order of the Workers' Compensation Appeal Board, which reversed the hearing referee and denied the fund's claim to reimbursement for the interim benefits it paid to plaintiff during a previous appeal period. We reverse.

Plaintiff was found to have sustained a work-related leg injury on February 24, 1974, while employed by General Motors Corporation. The referee also determined that plaintiff was totally and permanently disabled based upon the loss of industrial use of his left leg and prior loss of sight in both eyes. The referee found that the employer was obligated to pay weekly benefits to plaintiff for loss of the leg for a period of 215 weeks. Pursuant to § 521 of the Workers' Disability Compensation

Act, MCL 418.521; MSA 17.237(521), the fund would thereafter be obligated to pay the employer's weekly obligation to plaintiff on account of his total and permanent disability, as well as differential benefits under § 521(2). The fund appealed the referee's decision, and the appeal board on December 21, 1979, modified the decision by reversing the finding of total and permanent disability and absolving the fund from all liability.

The fund then sought recovery of the interim benefits ("seventy percent benefits") it had paid to plaintiff pursuant to § 862 of the act, MCL 418.862; MSA 17.237(862), during the pendency of its appeal. The referee ruled on September 15, 1983, that the employer, General Motors, was entitled to take a credit for the seventy percent benefits paid by the fund, and that the fund was entitled to be reimbursed by the employer. The referee also determined that plaintiff's counsel was entitled to thirty percent of the escrowed amount as attorney fees. The appeal board reversed on November 2, 1988, finding that the employer was not authorized to take a credit and so the fund was not entitled to reimbursement from the employer. The appeal board did not address the attorney fees issue, finding it to be moot.

On appeal, the fund first argues that the appeal board erred by ruling that General Motors was not entitled to a credit for the fund's payment of seventy percent benefits to plaintiff during the pendency of the appeal, and further, by ruling that the fund is not entitled to reimbursement in that amount from General Motors. We agree.

We recently addressed this precise issue in *Kihrotris v Ford Motor Co*, 183 Mich App 367; 454 NW2d 218 (1990). For the reasons stated in that opinion, we again hold that an employer is entitled to a credit for seventy percent benefits paid by

the fund during the pendency of an appeal, where the appeal board determines the fund to have no obligation to plaintiff. Moreover, for the reasons stated in *Kihrotris,* we also hold that the fund is entitled to reimbursement for that amount from the employer, in this case General Motors.

The fund next argues that the hearing referee erred by ruling plaintiff's attorney is entitled to a fee from the fund of thirty percent of the amount reimbursed to the fund. We agree.

Generally, each party pays his own attorney fees unless the statute specifically provides otherwise. *Gross v Great Atlantic & Pacific Tea Co,* 87 Mich App 448, 451; 274 NW2d 817 (1978), lv den 406 Mich 944 (1979). Section 858(1) of the act, MCL 418.858(1); MSA 17.237(858)(1), allows attorney fees to be paid pursuant to the rules and regulations of the Bureau of Workers' Disability Compensation. Rule 14(2) of the bureau, 1980 AACS, R 408.44(2), allows referees to approve attorney fee awards of not more than thirty percent of the "accrued compensation" awarded less reasonable expenses incurred on the claimant's behalf. Section 862(1) of the act provides that interim payments shall be considered as accrued compensation for purposes of determining attorney fees under the rules of the bureau. In the instant case, however, the amounts in controversy do not represent accrued compensation, but rather represent that portion of the employer's payments to plaintiff pursuant to the appeal board's 1979 order which duplicates the fund's interim payments while the appeal before the board was pending. Although the interim payments made by the fund are accrued compensation, the duplicate payments by the employer now held in escrow are not. Thus, plaintiff's

counsel is not entitled to thirty percent of the amount in controversy before the employer, General Motors, pays it to the fund.

Reversed.