YOUNG, J.
(dissenting). I fully join in part IV of Justice MARKMAN’S dissenting opinion. I further dissent from the majority’s conclusion that “the term ‘prorate’ in MCL 418.315(1) applies only to employers and their insurance carriers,”[1] and with Chief Justice KELLY’s conclusion that a workers’ compensation claimant may never be deemed responsible for a portion of the attorney fees incurred because doing so would “violate the remedial goal of the [Worker’s Disability Compensation Act].”[2]
Normally, a workers’ compensation claimant is responsible for bearing the costs of his portion of the litigation, including attorney fees.[3] I believe that MCL 418.315(1) serves as an exception to this general rule, permitting the magistrate to prorate attorney fees between the claimant and the employer when the employer refuses to pay “reasonable” and “needed” medical expenses for an injury “arising out of and in the *344 course of employment.” When an employer unjustifiably refuses to fulfill its statutory duty to pay for medical expenses incurred as a result of a work-related injury, it is entirely appropriate for the magistrate to consider whether to exercise the discretionary powers the Legislature has provided to prorate the fees between the parties according to the respective merits of their positions. In sum, the discretionary authority to prorate is a fee shifting power that reduces the claimant’s usual obligation to bear the entire burden of his own attorney fees.
In contrast, the majority allows only proration between the employer and its insurer, while the claimant is relieved of paying any portion of his attorney fees. As such, the majority position must be predicated on the assumption that every claim for benefits is meritorious and that any contest of such a claim venal. The reality is that some claims have merit and some should be contested; others may involve unresolved factual and legal questions under the Worker’s Disability Compensation Act (WDCA) that can be definitively resolved only by the magistrate and the Workers’ Compensation Appellate Commission (WCAC). In consideration of this reality, I believe that the proration provision was a legislative recognition that neither the employer nor the claimant may have entirely meritorious positions in a particular case. Thus, the magistrate has been authorized to “split the baby” and divide the claimant’s fees when the respective merits of the party’s positions warrant this. The majority does not prorate so much as shift the entire attorney fee burden from the claimant to the employer in every case.
I. STATUTORY CONSTRUCTION
The statute at issue, MCL 418.315(1), provides in relevant part:
*345 The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed.... If the employer fails, neglects, or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by the employee, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker’s compensation magistrate. The worker’s compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee.
It is clear that an employer has an affirmative statutory obligation to furnish “reasonable” medical treatment for personal injuries “arising out of and in the course of employment” when such treatment is “needed.” However, if the employer fails to do so, the statute provides two options. If the claimant has paid the medical expenses, the “employee shall be reimbursed for the reasonable expense.” However, if the expenses remain “unpaid,” “payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the worker’s compensation magistrate.” This sentence gives the magistrate the discretion to direct payment to the third-party medical provider on “behalf of the employee.” The last sentence provides that the “worker’s compensation magistrate may prorate attorney fees at the contingent fee rate paid by the employee.” As I agree with the majority that the word “prorate” simply means to divide or distribute proportionately, the question in this case is simply whether the attorney fees are to be divided between the claimant and the employer, or the claimant and the medical provider.[4]
*346 Reading the first sentence of the statutory provision together with the last two sentences leads to the conclusion that the fees may be prorated between the claimant and the employer. The first sentence establishes an affirmative duty on the employer to pay reasonable medical expenses for work-related injuries. However, if the employer “fails, neglects, or refuses so to do,” payment can be compelled, either by reimbursing the claimant or paying the claimant’s medical creditors directly. The last sentence of the statute relates to the sentence preceding it, permitting the proration of attorney fees between the parties when the employer “fails, neglects, or refuses” to pay needed and reasonable medical expenses related to the claimant’s work-related injury. In effect, this provision permits shifting to the employer some of the attorney fee burden that the claimant would otherwise bear.
II. ANALYTIC PROBLEMS WITH THE MAJORITY
A
Contrary to the majority’s analysis, there is no principled basis to distinguish an employer from its insurance carrier for the purposes of prorating attorney fees. It makes little sense to suggest, as the majority does, that the claimant’s attorney fees can only be prorated *347 between the employer and its carrier. The reasons are fairly obvious. The statute does not say that proration can only occur between an employer and its insurer. Moreover, when an employer is insured, its carrier is merely its agent: the insurer’s duty is to indemnify and defend its insured according to the terms of the insurance contract.[5] In the case of a self-insured employer, the majority’s analysis makes even less sense since there is only one entity — the employer — and thus no one with whom to prorate, as the majority has exempted the claimant from the proration equation. En fin, whether the employer is self-insured or insured, the claim is paid from the same pocket. Thus, the majority deprives the word “prorate” of any value under any circumstance, and employers will always bear the entire cost of attorney fees. If the Legislature had intended that only the employer pay a claimant’s attorney fees, it could have easily said as much and presumably would have done so in much more direct language.
B
As noted, this Court and the WDCA have long recognized that a workers’ compensation claimant is ordinarily responsible for paying his own personal attorney fees.[6] The majority’s holding that workers’ compensation claimants are categorically excluded from ever paying any portion of their attorney fees under MCL 418.315(1) represents a major departure from our caselaw and is inconsistent with MCL 418.858, which permits the director to limit the “maximum attorney *348 fees” “paid by the employee.”[7] This legislative enactment, permitting the limitation of attorney fees for those representing injured workers in a workers’ compensation claim, applies exclusively to disputes between attorneys and their clients[8] and recognizes that attorney fees are generally payable by the claimant.[9] Thus, contrary to the majority’s claim that requiring a claimant to pay a portion of his attorney fees would “violate the remedial goal of the WDCA,” decades of caselaw, as well as the plain language of MCL 418.858(2), indicate otherwise.
c
The majority holds that the term “prorate” is limited to “the parties who might contest the payment of medical benefits: employers and their insurance carriers.”[10] As an initial matter, nothing in the language of this provision limits the term “prorate” to the party “contesting” the payment of medical benefits, to the exclusion of the party “seeking” the payment of medical benefits. The majority adds language to the statute because the majority imagines that an employer might “be tempted to deny an injured employee’s request for coverage in the hope that, in subsequent litigation, they *349 will not be found liable.”[11] However, contrary to the apparent beliefs of the majority, an employer is not statutorily liable for every medical expense submitted by a claimant. Rather, pursuant to MCL 418.315, an employer is only obligated to pay reasonable and needed medical expenses for work-related injuries. I find nothing strange or reprehensible, much less unlawful, about an employer declining to pay medical expenses that it had no legal obligation to pay.
Where there are legitimate legal or factual disputes to be resolved on disputed workers’ compensation claims, the hearing before the workers’ compensation magistrate is the sole mechanism that settles those disputes and determines whether the medical treatment was needed and reasonable, and whether the medical treatment was related to “a personal injury arising out of and in the course of employment.” While employers should be discouraged from wrongly denying medical benefits, the majority articulates no legal or logical basis for concluding that an employer should be discouraged from or punished for correctly denying claims to which a claimant is not entitled, or from seeking a resolution of arguable legal or factual disputes that call into question the employer’s obligation to pay.[12]
Here, Chief Justice Kelly’s lead opinion states that “the magistrate’s proration of attorney fees against *350 defendants was appropriate, given defendants’ failure to pay plaintiffs medical services as mandated by § 315(1).”[13] However, in this case, where plaintiff was a “leased” employee, there were genuine factual and legal issues to be resolved regarding whether Koleaseco or BCN Transportation Services was plaintiffs employer, and whether a valid workers’ compensation insurance policy existed between BCN Transportation and Midwest Employers Casualty Company. In light of these unresolved issues, it is unclear that Midwest unreasonably refused to pay plaintiffs medical benefits. Moreover, the magistrate did not find that Midwest unreasonably refused to pay medical benefits as the basis for assessing attorney fees against Midwest. Rather, the magistrate assessed attorney fees against Midwest on the basis of the “substantial amount of work” and time expended by plaintiffs counsel in litigating the case. However, awarding attorney fees based on the amount of work and time expended by the attorney is in direct contravention of the last sentence of § 315(1), which contemplates the payment of attorney fees on a contingent rather than hourly system. I would remand this case to the magistrate to assess the issue of attorney fees under the appropriate legal standard.

 Ante at 303.

 Ante at 333 (emphasis added).

 Gilroy v Gen Motors Corp (After Remand), 438 Mich 330, 340; 475 NW2d 271 (1991) (“As in any other civil litigation, a workers’ compensation claimant is ordinarily responsible for personal attorney fees.”); see also Gross v Great Atlantic & Pacific Tea Co, 87 Mich App 448; 274 NW2d 817 (1978).

 For the reasons explained earlier, I believe that the majority has simply concluded that the employer must always pay the claimant’s *346 attorneys fees. While Justice Markman’s interpretation of the statute is certainly plausible, I do not believe that the structure or language of MCL 418.315(1) evinces any legislative intent to impose attorney fees upon third-party medical creditors who are not parties to the litigation, did not contract with or agree to the services of the plaintiffs attorney, and are entitled to the entirety of their fees (subject only to the cost containment rules) both as a matter of statute and as a matter of contract. See MCL 418.315(2); Boyce v Grand Rapids Asphalt Paving Co, 117 Mich App 546; 324 NW2d 28 (1982); Zeeland Community Hosp v Vander Wal, 134 Mich App 815; 351 NW2d 853 (1984); and Duran v Sollitt Constr Co, 135 Mich App 610; 354 NW2d 277 (1984).

 Blackwell v Citizens Ins Co of America, 457 Mich 662; 579 NW2d 889 (1998).

 See n 3 supra. The majority does not mention this authority, nor does it overrule it.

 MCL 418.858(2). The predecessor of this statutory provision was first enacted in 1912. See 1912 (1st Ex Sess) PA 10, part III, § 10; Mackin v Detroit-Timkin Axle Co, 187 Mich 8; 153 NW 49 (1915).

 See Gross, supra at 451 (MCL 418.858 “applies to disputes between attorneys and their clients; it does not apply to disputes between parties.”).

 See May v Charles Hoertz & Son, 204 Mich 432; 170 NW 305 (1919); Pearson v Gillard, 231 Mich 541; 204 NW 725 (1925); Vellenoweth v Gen Motors Bldg Corp, 247 Mich 274; 225 NW 522 (1929); Rench, v Kalamazoo Stove & Furnace Co, 290 Mich 476; 287 NW 884 (1939).

 Ante at 309.

 Ante at 333 (emphasis added).

 This is consistent with the WCAC’s treatment of MCL 418.315(1), which permitted the award of attorney fees “in cases where an employer or carrier has failed, neglected, or refused to pay for medical services a claimant is clearly entitled to. Thus, an attorney fee may be awarded only where there was non-payment in the face of a ‘clear entitlement.’ ” Beattie v Wells Aluminum Corp, 2005 ACO 157 at 10-11 (emphasis added). See also Scheland v Jet Box Co, 1995 ACO 242; Gessner v Keeler Brass Co, 1997 ACO 548; Gronley v St Clair Fiberglass, Inc, 2001 ACO 298; Sikkema v Taylor Carving, Inc, 1992 ACO 469.

 Ante at 337.