LEONARDI v STA-RITE REINFORCING, INC

Docket No. 59640. Submitted June 2, 1982, at Detroit.—Decided
    October 7, 1982. Leave to appeal applied for.

Sam A. Leonardi claimed workers' compensation benefits for
    injuries and occupational disease from two of his employers,
    Sta-Rite Reinforcing, Inc., and Wayne Steel Erectors, Inc. A
    hearing referee awarded benefits to be paid by both employers
    and their insurers. Wayne Steel Erectors appealed the decision,
    as well as the denial of a subsequent motion to stop payments,
    to the Workers' Compensation Appeal Board and requested oral
    argument. The appeal board reversed the award and the denial
    of the motion. Plaintiff appeals by leave granted, alleging that
    he was denied due process because, at the oral argument, one
    of the three board members responsible for the decision was
    absent and a substitute had been present. The substitute mem-
    ber took no part in writing the decision of the appeal board.
    The plaintiff also alleges that the appeal board's finding that he
    had failed to prove his work-related disability by a preponder-
    ance of the evidence was error. *Held:*

    1. The substitution of a board member for the purpose of
    hearing oral argument and the participation in the decision of
    a member who was not present at oral argument did not
    constitute a denial of due process.

    2. There was sufficient evidence to support the board's finding
    that plaintiff had not proved his disability by a preponderance
    of the evidence.

    Affirmed.

WORKERS' COMPENSATION — DUE PROCESS — ORAL ARGUMENT —
    APPEAL BOARD PANELS.

    Due process of law is not necessarily violated where an oral
    argument before the Workers' Compensation Appeal Board is
    not heard by all of the board members on the panel which

REFERENCES FOR POINTS IN HEADNOTE
2 Am Jur 2d, Administrative Law § 437.
82 Am Jur 2d, Workmen's Compensation § 638.
Administrative decision by officer not present when evidence was
    taken. 18 ALR2d 606.

issues a decision in the matter; oral argument before the board is not a matter of right, and the participation in the decision of a panel member who was not present at oral argument is not a denial of the claimant's right to due process (US Const, Am XIV; Const 1963, art 1, § 17).

*Charles G. Gale,* for plaintiff.

*Charfoos & Reiter, P.C.* (by *Myron B. Charfoos),* for Sta-Rite Reinforcing, Inc., and Michigan Mutual Insurance Company.

*Franklin, Petrulis, Lichty & Mellon, P.C.* (by *Donald L. Petrulis* and *James F. Hunt),* for Wayne Steel Erectors, Inc., and Commercial Union Insurance Company.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff Sam A. Leonardi appeals by leave granted from a decision by the Workers' Compensation Appeal Board on August 24, 1981, reversing an award of workers' compensation benefits by a hearing referee with respect to defendant Wayne Steel Erectors, Inc.

In a petition received by the Bureau of Workers' Disability Compensation on January 2, 1976, plaintiff claimed a work-related disability attributable to injuries occurring when he was employed by defendant Sta-Rite Reinforcing, Inc., on September 17, 1974, and by Wayne Steel on October 31, 1975, and disablement from occupational disease occurring on or about October 31, 1975.

After a hearing, the referee found injury dates of September 17, 1974, and October 31, 1975, and issued the following orders:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"It is further ordered that defendants, Sta-Rite Reinforcing, Inc., and Michigan Mutual Ins. Co., pay compensation at the rate of $118.00 per week for total disability to said employee from 9-18-74 to 3-24-75, the date of plaintiff's commencement of employment with City Re-Steel Erection Co.

"It is further ordered that defendants, Wayne Steel Erectors, Inc., and Employers Fire Ins. Co. pay compensation at the rate of $124.00 per week for total disability to said employee from 11-1-75 to 11-9-77 inclusive, and, further, that plaintiff is still totally disabled and defendants, Wayne Steel Erectors, Inc., and Employers Fire Ins. Co. shall pay compensation at the rate of $124.00 per week until further order of the bureau.

"It is further ordered that defendants, Sta-Rite Reinforcing, Inc., and Michigan Mutual Ins. Co. shall pay and/or reimburse plaintiff for all medical, hospital and prescription expenses incurred from 9-17-74 through 10-31-75; and that defendants Wayne Steel Erectors, Inc.,- and Employers Fire Ins. Co. shall pay and/or reimburse plaintiff for all medical, hospital and prescription expenses incurred subsequent to 10-31-75. Defendant shall have credit for all benefits heretofore paid. In the event the parties cannot agree on medical expenses, they shall return to the bureau for such determination."

Defendant Wayne Steel appealed to the board and requested oral argument. Plaintiff filed a cross-appeal "for the purpose of keeping defendant-appellee Sta-Rite Reinforcing, Inc., and Michigan Mutual Insurance Company before this board".

On July 16, 1980, defendant Wayne Steel filed a motion to stop payments before the bureau and a hearing was held before the hearing referee on October 9, 1980. The referee denied the motion by decision mailed December 4, 1980. On December 15, 1980, defendant Wayne Steel appealed the denial of the motion to stop payments to the appeal board.

The appeal board, with member Kehres dissenting, reversed both the award and the denial of the motion to stop payments by opinion and order dated August 24, 1981. In the opinion written by member Oldstrom, in which member Hostettler concurred, the following findings were made:

"In our judgment, and we so find, plaintiff has failed in his burden of proving a work-related disability by a preponderance of the evidence. * * * When plaintiff worked at Wayne from July to late October, 1975, he continued with his customary heavy work. * * * Plaintiff did say that he left Wayne on account of his pains (p 37). However, given the medical testimony, we are unable to give full weight to plaintiff's complaints and testimony of disabling pain."

One of the issues on appeal concerns the make-up of the appeal board panel. Chairman Gillman explained the problem in a letter to plaintiff's counsel:

"Subsequent to our decision in this case you inquired of our office concerning the makeup of the panel which issued a decision in this case. It appears that said decision was rendered by two Members who had attended the oral argument of April 9, 1981, and one who had not.

"A review of our records reveals the following: Originally assigned to hear arguments on April 9, 1981, was a panel comprised of Members Hostettler (public member), Oldstrom (employer member), and Kehres (employee member). Just prior to that date a schedule conflict arose and Member Hostettler was replaced for the day by Member Richardson (also a public member).

"Apparently the change was not communicated to our secretarial staff. When the first proposed decision was drafted by Member Oldstrom, it was inadvertently circulated to Member Kehres (who *had* heard arguments) and Member Hostettler (who was unaware that this was a case on which arguments had been held—

most of our cases are reviewed without verbal arguments of counsel).

"Thus, while the panel issuing a decision was 'balanced' in the sense of the three 'interest groups' recently written into our act all being represented, the panel was comprised of two, not three, of the persons who heard the arguments. Whether that rises to the level of some sort of due process deprivation I will leave to the Courts, but I do wish to apologize for the inadvertent error made."

We are not convinced that the substitution of member Hostettler for member Richardson rises to the level of some sort of due process deprivation. In *McGraw Electric Co v United States,* 120 F Supp 354 (ED Mo, 1954), *aff'd* 348 US 804; 75 S Ct 45; 99 L Ed 635 (1954), the plaintiff appealed from a decision by the Interstate Commerce Commission which was made by a division of three commissioners. Oral argument, which had been granted upon the parties' request, was heard by two commissioners; the third was unavoidably absent. The parties had been notified in advance that the third commissioner would not be present. While the case was under submission, one of the two commissioners present at oral argument died. The other commissioner dissented. Thus, no commissioner who participated in the decision had heard the argument.

Holding that the availability of argument in written form satisfied the requirements of due process, the district court stated:

"Due process of law under the Fifth Amendment does not necessarily require that oral argument be granted. In *Federal Communications Comm v WJR, The Goodwill Station,* 337 US 265, 275; 69 S Ct 1097, 1103; 93 L Ed 1353 [1949], the Court said:
    " 'On the contrary, due process of law has never been

a term of fixed and invariable content. This is as true with reference to oral argument as with respect to other elements of procedural due process. For this Court has held in some situations that such argument is essential to a fair hearing, *Londoner v City & County of Denver*, 210 US 373; 28 S Ct 708; 52 L Ed 1103 [1908], in others that argument submitted in writing is sufficient, *Morgan v United States*, 298 US 468, 481; 56 S Ct 906, 911; 80 L Ed 1288 [1936]. * * *'

\* \* \*

"As no statute or rule demands it, and procedural due process does not necessarily require it, we hold that the hearing granted in this case was reasonable and adequate where all the evidence was in documentary form, and the oral argument in written form was before all the members of the Division who decided the case." *McGraw, supra*, 358-359.

The United States Supreme Court's summary affirmance of *McGraw* renders it binding on this Court as a matter of federal constitutional law. Although there are minor factual distinctions between *McGraw* and the instant case, we believe that *McGraw* is controlling in the present situation. Accordingly, we hold that the Due Process Clause of the federal constitution, US Const, Am XIV, was not violated by the appeal board's failure to allow plaintiff oral arguments before all three members of the panel that decided his case.

We also do not believe that the Due Process Clause of the state constitution, Const 1963, art 1, § 17, affords plaintiff the procedural protections he has unsuccessfully sought under the federal constitution. In *White v Revere Copper & Brass, Inc*, 14 Mich App 31; 165 NW2d 454 (1968), *rev'd on other grounds* 383 Mich 457; 175 NW2d 774 (1970), this Court held that a member of the Workers' Compensation Appeal Board who was not appointed to the board until after oral argument had already

been heard in a particular case could participate in the decision of the case without violating the plaintiff's right to due process. We hereby reaffirm the vitality of the *White* case insofar as it disposes of the due process claim advanced in the instant case. We observe that the Supreme Court, in reversing *White,* declined to address the due process issue. We therefore suggest to the Supreme Court that, should it wish to address the issue it avoided in *White,* this case may be an appropriate vehicle.

We recognize that in *Bohannon v Sheraton-Cadillac Hotel, Inc,* 3 Mich App 81, 82; 141 NW2d 722 (1966), this Court held that "[w]hen an administrative agency promulgates a rule for the benefit of litigants and then deprives a litigant of this right, it is a violation of the Due Process Clauses of both the 1908 and 1963 Michigan Constitutions." See Const 1908, art 2, § 16; Const 1963, art 1, § 17. Although we agree with the *Bohannon* holding, we observe that oral argument before the appeal board is no longer a matter of right, but a matter of discretion. Compare 1959 AACS, R 408.49 with 1979 AC, R 408.49. Hence, it was within the board's discretion to refuse to grant oral argument, and the participation in the decision of a member who was not present at oral argument did not constitute a denial of due process.

Plaintiff also contends that there was no evidence to support the appeal board's findings that he had failed in his burden of proving a work-related disability by a preponderance of the evidence. We believe that there was ample evidence to sustain these findings and, therefore, we reject this claim of error.

Affirmed. No costs, since a significant constitutional question is involved.