HENRY LINDNER ET AL. v. GUSTAVE HINE.

*Attorney and client—Judgment—Payment—Estoppel—Lien for services.*

1. The receipt by a plaintiff of the money due upon a judgment rendered in his favor, and its discharge by indorsing a satisfaction thereof upon an execution issued for its collection, estop him from denying the authority of the attorneys to act for him in its procurement, and, if their original employment is not shown, such acts are a full and complete ratification of their acts and services in obtaining the judgment.

2. The lien of an attorney at law attaches to the money payable to his client upon a judgment if it is the proceeds of the attorney's labor and skill, and to moneys received by the client by way of a compromise of such judgment, who, if he settles the case after judgment, so as to deprive the attorney of his costs and fees, is liable to him in the proper action. 1 Amer. & Eng. Enc. Law, 970, 971; *Weeks v. Circuit Judges*, 73 Mich. 256; *Kinney v. Tabor*, 62 Id. 517; *Potter v. Hunt*, 68 Id. 242.

3. Requests to charge appearing in the printed record, but not in the bill of exceptions, which does not show that any exceptions were taken to the refusal of the court to give them, nor that the attention of the court was called to such requests, cannot be considered.

Error to Bay. (Cobb, J.) Argued January 9, 1891. Decided February 6, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for appellant.

*Lindner, Porter & Haffey,* plaintiffs, in *pro. per.* (*A. McDonell,* of counsel).

CHAMPLIN, C. J. Schucker & Hopp were the owners of a stock of liquors, and gave Gustave Hine a chattel mortgage thereon. Afterwards they obtained a policy of insurance upon the stock from the People's Insurance Company, the loss, if any, payable to Hine, as his mortgage interest might appear. A fire occurred, which consumed the property insured. The plaintiffs had been the attorneys of Schucker & Hopp in some litigation which they had before that time had, and the plaintiffs made out the proofs of loss. The insurance company denied liability, and Schucker & Hopp thereupon assigned their claim under the policy to Gustave Hine; and the plaintiffs then brought suit against the company in Hine's name, and recovered a judgment for $1,066. Hine afterwards settled with the company by discounting some $91, and received the balance of the judgment, and discharged it of record.

The settlement was made and the money received without the knowledge or consent of the plaintiffs, who soon thereafter presented to Hine their bill for services and for $14.75 for costs, which they had paid to the clerk of

the court in the suit. Hine denied all liability to them, and refused payment. Plaintiffs brought suit before a justice of the peace, where the case was tried before a jury, who found for the defendant. Upon appeal to the circuit the cause was tried, and another verdict rendered for defendant. A new trial was granted, and under the instructions of the court the jury returned a verdict for the plaintiffs. Defendant assigns error upon the refusal of the court to charge as requested by the defendant and upon the charge as given.

Upon the trial the plaintiffs introduced testimony which tended to prove that Mr. Hine employed them to bring the suit and perform the services sued for, and that he also employed Mr. Lyon, of the firm of Shepard & Lyon, to assist them in the preparation and trial. The defendant, Hine, introduced testimony tending to prove that he never employed plaintiffs to perform any services or bring any suit against the insurance company for him, or in his name; that one of the plaintiffs met him on the street, and told him that suit had been commenced, and said to him: "Hine, you had better get Lyon to do the work in that insurance case;" and that he afterwards employed Shepard & Lyon, and paid them for their services. He also introduced testimony tending to prove that Schucker & Hopp employed plaintiffs to commence suit in Hine's name; that they were interested in the insurance, and in having the amount collected, as it would reduce their indebtedness to Hine that much.

There appears in the printed record what purports to be the defendant's requests to charge, but they are not contained in the bill of exceptions, and it does not appear that they were called to the attention of the court, nor does the bill of exceptions show that any

84 MICH.—33.

exception was taken to any refusal to charge as requested. These cannot, therefore, be considered.

The declaration was upon all the common counts in *assumpsit* before the justice, and the following bill of particulars was filed, viz.:

> "Services in suit of *G. Hine vs. The People's Insurance Company of Pittsburgh* .............. $150 00
> "Costs paid Wm. Gaffney, county clerk, in *Hine vs. People's Insurance Co.* ..................... 14 75
>
> Total amount ................... ......... $164 75."

The verdict rendered by the jury was for $164.75, which appears to be the precise amount claimed.

The court instructed the jury as follows:

"There is no denial in the case that Lindner, Porter & Haffey were managing that insurance case, and there is no denial that Mr. Hine knew that they were managing it. There is no pretense anywhere that he objected to their managing it; and he knew that the suit was commenced; that he had a suit in this court against the insurance company, in which Lindner, Porter & Haffey were his attorneys. It is denied that he ever employed them to do it so as to make himself liable to pay them their fees, but it is not denied that he knew they were doing it. Neither is it denied, but it is claimed on all hands, that Schucker & Hopp knew that they were doing it. Now, they were doing it rightfully. There is no pretense anywhere that they were doing it wrong,—that they were representing a name there which they had a right to represent. They were not doing a wrong to Mr. Hine, then, in managing that suit, and prosecuting it to completion. They were not doing any wrong to Mr. Hine. The suit went on to completion under their management, and judgment was rendered, and execution issued,—a judgment was rendered which produced the money, at any rate. Now, I say to you as a matter of law that as soon as that judgment was rendered, whoever might be the owner of the judgment, Hine or Schucker & Hopp, Lindner, Porter & Haffey had a lien upon it for the amount of their fees and disbursements in the case. It was money that they had a lien upon. I almost

said a mortgage, but it is not technically a mortgage, but a lien on it, which entitles them to so much of that money as they are entitled to, so that whatever they were entitled to collect from Schucker & Hopp or Hine they were entitled to take out of the money that was received upon that execution."

He also instructed them that it was in evidence that Mr. Hine received the money upon that judgment, and that in so doing he received money to which the plaintiffs were entitled, to an amount which the jury should find their services in procuring the judgment were reasonably worth, and the disbursements they had made, if any, for costs in the case, and that the jury must find a verdict for the plaintiffs for such amount. No objections were made to the introduction of testimony upon which the foregoing charge is based. It was admissible under the common counts in *assumpsit*, and, had objection been made, the bill of particulars could have been amended.

There was no error in the instruction of the court. This action is not between the attorneys for the prevailing party and the judgment debtor, and consequently the question of notice to such debtor does not arise in the case. The question is one between attorney and client. The undisputed fact that Mr. Hine received the money for which judgment was rendered, and discharged such judgment by indorsing a satisfaction thereof upon the execution, estops him from denying the authority of the attorneys in acting for him in procuring such judgment. If no original employment had been proved, this act would be a full and complete ratification of the acts and services performed by the attorneys in obtaining the judgment. He cannot take the money due by virtue of the judgment and deny the authority of the attorneys to procure such judgment for him. The relation is established by his own act.

The lien of the attorneys attaches to the fruits of the

judgment. It attaches to the money payable to the
client if it is the proceeds of the labor and skill of the
attorneys. It attaches also to moneys received by way of
compromise by the client in the cause, for the money is
regarded as the fruit of the attorneys' labor and skill.
And if the client settles the case after judgment, so as
to deprive the attorneys of their costs and fees, the latter
have an action against the former. 1 Amer. & Eng. Enc.
Law, pp. 970, 971, and cases cited; *Weeks v. Circuit
Judges,* 73 Mich. 256; *Potter v. Hunt,* 68 Id. 242; *Kinney
v. Tabor,* 62 Id. 517. Had the money been paid to the
plaintiffs, instead of to the defendant, they would have
had the right to retain their costs and fees from it by
virtue of their lien; and when the defendant received the
money upon the judgment, which had been obtained by
their labor and professional services, he received money
which in equity and good conscience belonged to the
plaintiffs.

We think the circuit judge might also have instructed
the jury that, the defendant having received and receipted
for the money due upon the judgment, he was estopped
to deny that the relation of attorney and client existed
between himself and the plaintiffs; that by so doing he
ratified their acts in bringing suit and prosecuting it in
his name and for him, and was liable to pay for those
services what they were reasonably worth.

The court further instructed the jury upon the ques-
tion as to the services of Mr. Lyon as follows:

"Now, it is claimed here upon one side that they did
request the assistance of Mr. Lyon, and if that is true,
and if that is correct, and it shows that there should be
a rebate upon that account, that will make a difference
in the amount that you will allow Lindner, Porter &
Haffey for fees. But it is claimed, on the other hand,
that Mr. Lindner never requested that Mr. Lyon should
be brought in the case at all, but that he said he had

confidence in the case, and did not need any help, and did not want it, but that Mr. Hine himself suggested putting Mr. Lyon in the case, and it was done on his motion. If that is true, then 'no rebate should be made."

It may be inferred from the amount found by the jury in favor of the plaintiffs that they found the facts as testified to by plaintiff Lindner. There was no error in permitting the witness Lindner to testify in rebuttal.[1]

The judgment must be affirmed.

The other Justices concurred.

---

[1] His testimony was to the effect that plaintiffs did not consent to and had no knowledge of the settlement of the insurance matter, and the payment of the money to defendant, Hine.