STEWART *v.* AUDITOR GENERAL.

1. VENDOR AND PURCHASER—HUSBAND AND WIFE—ASSIGNMENTS—
   CONDEMNATION AWARD.
   Assignment of husband's interest in land contract vendee inter-
   est, held by him and his wife, to her by instrument which con-
   tained no language indicating parties intended it to be other
   than an ordinary assignment carrying such rights as legally
   flow therefrom *held,* not to assign his interest in portion of
   award for condemnation of negative reciprocal easement which
   vested in them prior to the assignment, there being no claim
   that right to compensation ran with the land.

2. ATTORNEY AND CLIENT—CONTRACTS—HUSBAND AND WIFE.
   Contract with husband and wife to represent them as attorneys
   in condemnation proceedings *held,* not established so far as
   wife is concerned, where although they held the land contract
   vendee interest as husband and wife, she is not shown to have
   been a party to any of the instruments involved and husband
   is not shown to have been her agent.

3. SAME—MARRIED WOMAN—CONTRACTS—ESTOPPEL—EVIDENCE.
   Attorney's claim that woman, during her lifetime, was estopped
   to deny liability on contract for legal services in condemnation
   proceedings involving negative reciprocal easement appurte-
   nant to property in which she and her husband held land con-
   tract vendee interest, because they were performed with her
   knowledge and for her benefit and that her executor is equally
   estopped because estate will have advantage of award *held,*
   untenable in absence of testimony that firm appeared for or
   represented her in the proceedings, that she knew a contract
   for their services had been made, that she knew they were do-
   ing any work for her, that the firm took any part in the pro-
   ceedings at all or as to reasonable value of their services to
   her.

4. SAME—APPORTIONMENT OF AWARD IN CONDEMNATION PROCEED-
   INGS—PLEADINGS—EXECUTORS AND ADMINISTRATORS.
   In suit by a subsequent assignee of land contract vendee interest
   to apportion award made for taking of negative reciprocal
   easement brought against vendors, vendees, State officials and
   attorney for vendees who claimed interest in the award, plead-

ings *held*, insufficient to establish admission by executor of estate of wife of vendee of liability for claim where attorney's answer did not call for an answer from the executor, as attorney did not allege he represented testatrix nor for whom the services were rendered, claimed no affirmative relief against her, executor's answer to bill of complaint denied knowledge of such attorney's claim, plaintiff denied claim of such attorney's lien in his reply to attorney's answer and pleadings do not set up claim of estoppel on part of testatrix.

5. EMINENT DOMAIN—VENDOR AND PURCHASER—APPORTIONMENT OF AWARD—HUSBAND AND WIFE—ATTORNEY'S LIEN ON AWARD.

On bill to apportion condemnation award for the taking of a negative reciprocal easement, portion of decree declaring vendors and husband and wife as vendees entitled to award and declaring attorney's lien thereon is affirmed but wife's estate is freed from claim of attorneys where she is not shown to have contracted with them, neither she nor her estate is estopped to deny liability under either pleadings or proofs, only contract for services shown was one by husband and right to award vested while he and his wife held vendee interest under land contract.

Appeal from Oakland; Doty (Frank L.), J. Submitted April 8, 1937. (Docket No. 25, Calendar No. 39,230.) Decided June 7, 1937.

Bill by R. Kirk Stewart against John O'Hara, Auditor General, Murray D. Van Wagoner, State Highway Commissioner, Raymond W. Walmoth, executor of the estate of Emlitta King Lucas, deceased, Raymond W. Shock, Judson Bradway and wife, DeWitt B. Lucas and Atkinson, Ortman & Shock to determine the parties to whom a condemnation award should be paid and for other relief. From decree rendered, defendant Walmoth appeals. Modified and affirmed.

*J. Gilbert Quail*, for defendant Walmoth.

*Atkinson, Ortman & Shock* (*Raymond Shock*, of counsel), *in pro. per.*

FEAD, C. J. This case involves another controversy in the condemnation proceedings for the widening of Woodward avenue, many other phases of which have been before this court. It concerns the right to an award for the taking of a reciprocal negative easement.

June 26, 1929, the State highway commissioner filed determination of necessity. May 19, 1932, the court commissioners made an award of damages of $1,717.28, which was confirmed by probate court, but no awardees were named in the award.

At the date the State highway commissioner acted, the premises were owned by defendants Judson and Florence Bradway as title owners and contract vendors, and DeWitt and Emlitta Lucas, husband and wife, as contract vendees.

January 16, 1930, Lucas and wife assigned their contract to First State Savings Bank, of Birmingham, as collateral security to a note. November 7, 1934, the receiver of the bank assigned the contract to plaintiff Stewart.

May 22, 1930, DeWitt Lucas assigned "all my right, title and interest in and to" the land contract to Emlitta Lucas.

Plaintiff filed this bill praying payment of the award to the Bradways and himself. The various defendants answered but did not file cross-bill. Defendant Walmoth, as executor of the Emlitta Lucas estate, averred want of knowledge of and neither admitted nor denied most of the allegations in the bill, including one alleging that defendant Shock claimed an interest in the award, and left plaintiff to his proof. Shock's answer, filed later, averred claim of a 50 per cent. interest in the award in behalf of the law firm of Atkinson, Ortman & Shock for services and expense in obtaining the award;

but he asked no affirmative relief and prayed dismissal of the bill of complaint. Later, on order of the court, Atkinson, Ortman & Shock were added as parties and adopted Shock's answer.

The court decreed the award payable to the Bradways as contract vendors and DeWitt and Emlitta Lucas as contract vendees, but with lien of Atkinson, Ortman & Shock on the whole award to the extent of 50 per cent. of it.

Walmoth, as executor, alone appeals. The controversy in this court is between him and Atkinson, Ortman & Shock.

Counsel accept June 26, 1929 as the time of the taking of the easement. It is not claimed by appellant that the right to compensation runs with the land and passes to subsequent vendees or assignees.

His contention is that the assignment by Lucas to his wife in 1930 transferred to her his interest in the award because of the intention of the parties as disclosed by the language of the assignment and that Lucas now has no interest in the fund. The language of the assignment was common to such instruments and we discover nothing in it to set it apart from other assignments or to indicate that the parties intended it to be other than an ordinary assignment carrying such rights as legally flow therefrom. The contract vendee interest in the award vested in Lucas and his wife before the assignment and there remained.

The principal question is as to the attorneys' fees.

The attorneys rely on a letter, dated May 5, 1930, addressed to Mr. Atkinson, written by Lucas, stating that Mrs. Lucas and he owned the property and inquiring whether Mr. Atkinson would represent them in the condemnation proceedings; the firm's reply to him on May 7th that it would represent him

on the basis of 50 per cent. of the damages awarded and would enter an appearance for him and get in touch with him later, Mrs. Lucas' name, however, not being mentioned in the letter; a later statement in Lucas' handwriting setting up the description of the property and claim of damages.

They contend these instruments constituted a contract with Mr. and Mrs. Lucas. As Mrs. Lucas was not a party to any of the instruments and there was no testimony that Lucas was her agent, the contention is without merit.

They also urge that Mrs. Lucas, during her lifetime, was estopped to deny liability on the contract for legal services because they were performed with her knowledge and for her benefit, *Lindner* v. *Hine,* 84 Mich. 511, and her executor is equally estopped because the estate will have the advantage of the award.

The difficulty with the contention is that there was no testimony that the firm appeared for or represented Mrs. Lucas in the proceedings, that she knew that a contract for their services had been made, or that she knew they were doing any work for her. Nor did they introduce any evidence as to the reasonable value of their services to her. As a matter of fact, there was no testimony that the firm took any part in the condemnation proceedings at all.

Mr. Shock recognizes the inadequacy of the testimony and attempts to remedy it by reference to the pleadings. He states that the claim of the interest of his firm in the award was set up in his own answer and urges that it is admitted because not denied by the executor for Mrs. Lucas. However, his answer did not call for an answer from the executor, (1) because he did not allege in it that he represented Mrs. Lucas in the proceedings nor for

whom the services were rendered, (2) because he claimed no affirmative relief as against her, and (3) because the executor's answer to the bill of complaint denied knowledge of Mr. Shock's claim to the award. Moreover, the claim of lien was denied by plaintiff in his reply to Mr. Shock's answer.

He also relied on the answer of the State highway commissioner, in which, however, the commissioner stated no more than that the firm were the only persons who entered appearance in behalf of Mr. Lucas. The answer did not allege any work by the firm in behalf of Mrs. Lucas and, obviously, it did not call for an answer from the executor because it prayed no relief as against him. So, even an irregular consideration of the pleadings discloses no proof or admission of fact supporting the present claim.

Parenthetically, it may also be said that nowhere did the pleadings set up a claim of estoppel on the part of Mrs. Lucas.

The decree will be affirmed in that part of it which declares the Bradways and both Lucases entitled to the award and declares the attorneys' lien, but must be modified to free the Emlitta Lucas estate's interest in it from the claim of lien of Atkinson, Ortman & Shock. Appellant will have costs against the firm appellee.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.