BOHANNON *v.* SHERATON-CADILLAC HOTEL, INC.

1. Administrative Law—Argument on Appeal—Due Process.
   An administrative agency which promulgates a rule according litigants the right of oral argument at an appellate level and then deprives a litigant of such right, denies due process (Const 1908, art 2, § 16; Const 1963, art 1, § 17).

2. Workmen's Compensation—Hearing—Oral Argument—Rules.
   Failure of the workmen's compensation appeal board to grant oral argument, a right granted by its administrative rules, constitutes reversible error, where defendant filed application for review, and a written request for oral argument, and the board inadvertently did not grant a hearing, but by written opinion and order affirmed decision of the referee (1959 AACS, § R 408.49).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 December 9, 1965, at Detroit.   (Docket No. 554.)   Decided April 26, 1966.

Venora Bohannon presented a claim for workmen's compensation against Sheraton-Cadillac Hotel, Inc., for head injuries. Compensation awarded. Award confirmed by appeal board. Defendant appeals. Reversed and remanded.

*Kelman, Loria, Downing & Craig (Donald W. Loria,* of counsel), for plaintiff.

*Markle & Markle (Fergus Markle,* of counsel), for defendant.

---

References for Points in Headnotes
[1, 2]  2 Am Jur 2d, Administrative Law §§ 340 *et seq.,* 432, 443, 746.

J. H. Gillis, J. On April 30, 1962, a referee of the workmen's compensation department awarded plaintiff compensation for injuries received in the course of her employment. Her employer, the defendant herein, filed an application for review with the workmen's compensation appeal board and, in accordance with Rule 19 of the appeal board rules, filed a written request for oral argument. The appeal board inadvertently did not grant a hearing, but, by written opinion and order dated January 27, 1965, affirmed the decision of the referee.

Defendant contends that the failure to grant oral argument by the appeal board constitutes reversible error and with this contention we must agree. When an administrative agency promulgates a rule for the benefit of litigants and then deprives a litigant of this right, it is a violation of the due process clauses of both the 1908 and 1963 Michigan Constitutions.[*] In its pertinent part, Rule 19 of the appeal board rules provides (1959 AACS, § R 408.49):

"If within 30 days from the date of the filing of the transcript either party shall make a written request for leave to present oral argument, the matter *will* be scheduled for such hearing." (Emphasis supplied.)

The decision of the workmen's compensation appeal board is set aside and this matter is remanded to the appeal board for further proceedings consistent with this opinion. Costs to appellant.

Watts, P. J., and Burns, J., concurred.

---

[*] Const 1908, art 2, § 16; Const 1963, art 1, § 17.