BOYCE v GRAND RAPIDS ASPHALT PAVING COMPANY

Docket No. 55167. Submitted December 8, 1981, at Grand Rapids.—
Decided June 11, 1982. Leave to appeal applied for.

Plaintiff, Edward L. Boyce, was injured in an employment-related
accident in 1974. He received medical treatment for his injury
at defendant St. Mary's Hospital. He received weekly compen-
sation benefits from defendant Hartford Accident & Indemnity
Company the insurance carrier for plaintiff's employer defen-
dant Grand Rapids Asphalt Paving Company for only four
weeks. In 1976, plaintiff filed, through his attorney, a petition
with the Bureau of Workers' Compensation for weekly and
medical benefits. His employer then voluntarily agreed to pay
accrued and future compensation benefits and to pay plaintiff's
medical expenses. Thereafter, plaintiff was sent a check in an
amount equaling 70% of his accrued compensation and his
attorney was sent a check for 30% thereof as his fee. The
insurance carrier then proposed to send a check to the hospital
for 70% of its bill for the care of plaintiff. The remaining 30%
was to be sent to plaintiff's counsel. The hospital refused to
accept only 70% of its bill. Plaintiff then filed a petition to fix
fees. A hearing was held after which the hearing referee
ordered the hospital to accept the check for 70% of its bill as
full compensation. The hospital appealed to the Workers' Com-
pensation Appeal Board which reversed the referee's decision
and ordered the insurance carrier to pay the hospital's bill in
full. The board, with one member dissenting, ruled that the
attorney's fees must be collected from plaintiff's recovery. The
dissenter would have assessed the attorney fees against the
employer or its insurance carrier. Plaintiff appeals by leave
granted. *Held:*

1. The appeal board correctly ruled that the hospital is not
responsible for any portion of the attorney fees. The hospital
did not employ or authorize employment of plaintiff's attorney,

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Attorneys at Law § 240.
[2] 82 Am Jur 2d, Workmen's Compensation § 644.
[3] 2 Am Jur 2d, Administrative Law § 291.

therefore, there can be no recovery of the attorney fees from the hospital.

2. The appeal board also correctly held that the attorney fees could not be collected from the employer or the insurance carrier. The Workers' Compensation Bureau rule in effect on the date of plaintiff's injury provided that the attorney cannot recover a percentage fee for any portion of a compensation recovery which represents accrued medical expenses. The bureau is bound by its own rules.

Affirmed.

1. ATTORNEY AND CLIENT — ATTORNEY FEES.

Where one of several persons, all of whom are equally interested in the results of a lawsuit, employs an attorney to conduct the case for him and the benefit of the attorney's services from the nature of the case extends to all interested parties, the other parties do not, merely by accepting the benefits of the attorney's services without objection, become liable for the attorney's fees.

2. WORKERS' COMPENSATION — ADMINISTRATIVE RULES — ATTORNEY FEES.

A rule of the Workers' Compensation Bureau in effect in 1974 provided that an attorney cannot recover a percentage fee for any portion of a workers' compensation recovery which represents accrued medical expenses (1972 AACS, R 408.44).

3. ADMINISTRATIVE LAW — AGENCY RULES.

An administrative agency is bound by the rules which it makes.

*McCroskey, Libner, Van Leuven, Feldman, Cochrane & Brock* (by *Gary I. Neal*), for plaintiff.

*Varnum, Riddering, Wierengo & Christenson* (by *Barbara R. Etheridge*), for St. Mary's Hospital.

Before: T. M. BURNS, P.J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. Plaintiff appeals by leave granted from a November 18, 1980, opinion and order of the Workers' Compensation Appeal Board that ordered plaintiff's attorney to receive his fee, for the award he won for plaintiff for medical benefits,

from plaintiff's recovery rather than from the share of the recovery that went to St. Mary's Hospital to compensate it for its care of plaintiff, or from plaintiff's employer Grand Rapids Asphalt Paving Company or its insurance carrier.

Plaintiff injured his right leg in an employment-related accident on October 8, 1974. He received medical treatment for his injury at the defendant St. Mary's Hospital. Although he received weekly compensation benefits from defendant Hartford Accident & Indemnity Company his employer's insurance carrier, these benefits terminated after only four weeks. On July 9, 1976, plaintiff filed, through his attorney, a petition with the Bureau of Workers' Compensation for weekly and medical benefits. One week later, his employer voluntarily agreed to pay accrued and future compensation benefits and to pay plaintiff's medical expenses. Thereafter, plaintiff was sent a check in an amount that equaled 70% of his accrued compensation and his counsel was sent a check for 30% thereof as his fee. The defendant insurance carrier proposed to send to St. Mary's Hospital, which had billed plaintiff for medical expenses in the amount of $1,990.53 and which had not yet been paid, a check for 70% of its bill. The remaining 30% was to be sent to plaintiff's counsel.

The hospital refused to accept only 70% of its bill noting that it had performed services for which it was entitled to be paid in full and that it had not retained plaintiff's counsel to represent it or act on its behalf. On August 2, 1976, plaintiff filed a petition to fix fees and on October 26, 1976, a hearing was held before a hearing referee. On April 21, 1977, the hearing referee ordered the defendant hospital to accept the check for 70% of its bill as full compensation.

The defendant hospital appealed the decision of the hearing referee to the Workers' Compensation Appeal Board and on November 18, 1980, the board reversed the decision of the hearing referee and ordered the defendant insurance carrier to pay the hospital bill in full. Over the dissenting vote of one member, the appeal board ruled that the attorney's fee must be collected from plaintiff's recovery. The dissenting member of the appeal board would have assessed the attorney's fee against plaintiff's employer or its insurance carrier, rather than against the remainder of plaintiff's recovery.

Plaintiff now appeals pursuant to a March 23, 1981, order of this Court granting leave to appeal.

We summarily reject plaintiff's argument that the defendant hospital should be responsible for the payment of plaintiff's counsel's fees. The controlling principle of law is well stated by the authors of 7 Am Jur 2d, Attorneys at Law, § 238, pp 277-278:

"The creation of the relation of attorney and client by contract, express or implied, is essential to the right of an attorney to recover compensation for services. In general, there can be no recovery from one who did not employ or authorize employment of the attorney, however valuable the result of the attorney's services may have been." (Footnotes omitted.)

Where one of several persons, all of whom are equally interested in the results of a suit, employs an attorney to conduct the case for him and the benefit of the attorney's services from the nature of the case extends to all interested parties, the other parties do not, merely by accepting the benefits of the attorney's services without objection, become liable for the attorney's fees. See

*Stewart v Auditor General,* 280 Mich 272; 273 NW 566 (1937). Accordingly, the appeal board correctly ruled that the defendant hospital is not responsible for paying any portion of the attorney fees owed to plaintiff's counsel for his services.

A more difficult argument is presented with respect to plaintiff's claim that the attorney fees should be paid by the employer or the insurance carrier.

In pertinent part, MCL 418.315; MSA 17.237(315), provides:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. * * * If the employer fails, neglects or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by him, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the hearing referee. The hearing referee may prorate attorney fees at the contingent fee rate paid by the employee * * *."

The final sentence of this statutory provision could be construed to require either the employer or insurance carrier to pay plaintiff's attorney fees. However, the administrative rules of the Workers' Compensation Bureau have interpreted this provision in another manner. Rule 14 of the Bureau of Workers' Compensation which was in effect on the date of plaintiff's injury contains the following pertinent subrule:

"(2) In a case tried to completion with proofs closed or compensation voluntarily paid, an attorney shall first deduct the reasonable expenses from the accrued com-

pensation which have been incurred by the plaintiff. The fee which the referee may approve shall not be more than 30% of the balance." 1972 AACS, R 408.44.

This rule then contemplates the computation of attorney fees on the amount remaining of an award after reasonable expenses have been deducted. Subrule 5 of Rule 14 which was in effect on the date plaintiff was injured defined "reasonable expenses" to include:

"(a) Hospital expenses.
"(b) Surgical expenses.
"(c) Medical expenses.
"(d) Statutory burial expenses.
"(e) Medical examination fee and witness fee.
"(f) Any other medical witness fee including costs of subpoena.
"(g) Cost of court reporter service.
"(h) Appeal costs."[1] 1972 AACS, R 408.44.

Under this rule, an attorney cannot recover a percentage fee for any portion of a compensation recovery which represents accrued medical expenses. As the dissenting member of the appeal board recognizes, this rule may represent an unwise policy. That is, an attorney may be reluctant to take a case in which accrued compensation is small but where accrued and unpaid medical benefits are substantial if he cannot recover his fee from the medical benefits portion of the award. In

---

[1] We do realize that this rule was amended in 1979 deleting subsections (5)(a)-(d) thus allowing plaintiff's attorney a larger recovery. However, all relevant matters occurred before this amendment. We decline to hold it retroactive. Plaintiff's contingency fee contract required the fee to be set in accord with statutes and applicable rules then in force. Subsequent amendments, if held retroactive, would alter this contract. This we cannot allow. *Byjelich v John Hancock Mutual Life Ins Co,* 324 Mich 54; 36 NW2d 212 (1949).

such a case, the potential fee might not merit the necessary effort.

Quite likely, there are cases in which Rule 14 serves no injustice. As was noted in the dissenting opinion of the appeal board:

"[I]t might not be appropriate to award attorney fees for expenses for medical services in those situations where it later turns out that the employer did not have the slightest notice or knowledge that they were needed or did not in any manner fail or neglect to provide or pay for such services."

In other cases, however, where the employer or its insurance carrier is guilty of a breach of the statutory duty to provide medical care or to pay for medical care in a timely fashion then the employer or its carrier, and not the employee, should bear the burden of the attorney fees. As a matter of policy, where an employer or an insurance carrier refuses to pay mandatory medical benefits, justice would be served by requiring the employer or the insurance carrier to pay the attorney fees of plaintiff's counsel. The problem is, however, that neither the statute nor the rules of the Bureau of Workers' Compensation so provided. The bureau is bound by its own rules. *Bohannon v Sheraton-Cadillac Hotel, Inc,* 3 Mich App 81; 141 NW2d 722 (1966). In this case, therefore, the appeal board correctly held that plaintiff's counsel's attorney fees could not be collected from plaintiff's employer, its insurance carrier, or the defendant hospital.

Affirmed.