GILROY v GENERAL MOTORS CORPORATION

Docket No. 88424. Submitted June 3, 1987, at Detroit. Decided September 17, 1987. Leave to appeal denied, 430 Mich —.

Luella Gilroy sustained injuries in the course of an argument with a co-worker while both were on their jobs at General Motors Corporation, Assembly Division. Gilroy received sickness and accident insurance benefits for approximately one year under a plan provided by GM and issued by Metropolitan Life Insurance Company. Gilroy then filed a petition seeking workers' compensation benefits from GM, which entered into a voluntary payment agreement providing for monthly workers' compensation benefits for one year of $238.49, with $230 of sickness and accident benefits to be coordinated therewith. After one year, $830 per month in extended disability benefits were to be coordinated. However, GM refused to agree to pay as part of Gilroy's attorney fees an amount equal to thirty percent of the sickness and accident benefits paid to Gilroy by Metropolitan Life Insurance Company and coordinated with the first year of workers' compensation benefits. The voluntary payment agreement was eventually submitted to a hearing referee, who dismissed Gilroy's petition and ordered GM to pay Gilroy's attorney fees as proposed in the voluntary agreement. The Workers' Compensation Appeal Board, in an appeal by GM, affirmed the referee's decision. GM appealed by leave granted.

The Court of Appeals held:

1. Under § 354 of the Workers' Disability Compensation Act, where a worker receives sickness and accident benefits under a disability insurance policy provided by the employer, a claim for workers' compensation benefits is subsequently brought and

REFERENCES

Am Jur 2d, Insurance §§ 1096, 1098.

Am Jur 2d, Workmen's Compensation §§ 364, 630-634, 644-647, 662 et seq.

Right of health or accident insurer to intervene in worker's compensation proceeding to recover benefits previously paid to claimant or beneficiary. 38 ALR4th 355.

Insured's receipt of or right to workmen's compensation benefits as affecting recovery under accident, hospital, or medical expense policy. 40 ALR3d 1012.

found to have merit, and the disability insurer is entitled to repayment, the workers' compensation insurer must repay the disability insurer from the funds that the workers' compensation insurer saved through the coordination of sickness and accident benefits with workers' compensation benefits. Additionally, in such situation a portion of the worker's attorney fees shall be paid by the disability insurer pursuant to § 821 of the WDCA if the disability insurer obtained an assignment of the worker's right to workers' compensation benefits and enforced that right. In this case, the WCAB properly determined that GM is liable to Gilroy for part of her attorney fees pursuant to §§ 354 and 821 of the WDCA even though no assignment of Gilroy's workers' compensation benefits was made to the disability insurer, Metropolitan Life Insurance Company, and GM is not required to reimburse Metropolitan Life for sickness and accident benefits paid. Sections 354 and 821 apply because, under the facts of this case, GM stands in the place of the disability insurer.

2. The WCAB correctly determined · that the attorney fee imposed on GM is properly calculated on the basis of precoordination, not postcoordination, benefits under § 354(16) of the WDCA as it existed at the time of this case, and 1980 AACS, R 408.44(2).

Affirmed.

1. WORKERS' COMPENSATION — APPEAL — SCOPE OF REVIEW.

Review by the Court of Appeals of a decision of the Workers' Compensation Appeal Board is limited to questions of law and, in the absence of fraud, is restricted to whether there is any competent evidence to support the findings of the appeal board (Const 1963, art 6, § 28, MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — SICKNESS, ACCIDENT AND DISABILITY INSURANCE — COORDINATION OF BENEFITS — ATTORNEY FEES.

A portion of attorney fees incurred by a worker in seeking workers' compensation benefits from his employer may be ordered payable by the employer where the worker initially receives benefits under a sickness, accident and disability insurance plan provided by the employer, but subsequently files a petition for workers' compensation benefits, which petition results in a voluntary payment agreement providing for the payment of workers' compensation benefits coordinated with the sickness and accident benefits paid; this requirement may apply even where no assignment of workers' compensation benefits was made to the sickness, accident and disability insurer and the employer is not required to reimburse the

disability insurer for benefits paid (MCL 418.354, 418.821[2]; MSA 17.237[354], 17.237[821][2]).

*James A. Tanielian,* and *Daryl Royal,* of Counsel, for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

Before: WAHLS, P.J., and J. H. GILLIS and C. W. SIMON,* JJ.

PER CURIAM. Defendant, General Motors Corporation, Assembly Division, appeals by leave granted from an opinion of the Workers' Compensation Appeal Board affirming a hearing referee's order requiring defendant to pay a portion of plaintiff's attorney fees. We affirm.

The merits of plaintiff's claim are not before us for review. Plaintiff was involved in an argument with another GM employee on May 27, 1982. The other employee knocked plaintiff down, causing injury to plaintiff's ankle. For approximately one year thereafter, plaintiff received sickness and accident insurance benefits from Metropolitan Life Insurance Company. In July, 1982, plaintiff filed a petition to recover workers' compensation benefits from defendant, which initially filed a notice of defenses but later entered into a voluntary payment agreement. Under that agreement, payment of benefits for the first year were set at $238.49 per month, with $230 of sickness and accident benefits to be coordinated. Thereafter, payments of $830 per month in extended disability benefits were to be coordinated. Defendant would not agree, however, to pay as part of plaintiff's attorney fees an amount equal to thirty percent of the sickness and accident benefits paid to plaintiff by

* Circuit judge, sitting on the Court of Appeals by assignment.

Metropolitan Life Insurance Company and coordinated with the first year of workers' compensation benefits.

Ultimately, the voluntary payment agreement was submitted to a hearing referee. As a result, the hearing referee dismissed plaintiff's petition. He also ordered defendant to "pay plaintiff's attorney a fee of 30% of the [sickness and accident] benefits that were adjusted to [or coordinated with] compensation benefits." The wcab affirmed, and this appeal ensued.

Our review of a decision of the wcab is limited to questions of law and, in the absence of fraud, restricted to whether there is any competent evidence to support findings of fact. *Williams v Chrysler Corp,* 159 Mich App 8; 406 NW2d 222 (1987); *Aquilina v General Motors Corp,* 403 Mich 206, 213; 267 NW2d 923 (1978); MCL 418.861; MSA 17.237(861); Const 1963, art 6, § 28.

Defendant argues that it should not have been ordered to pay any of plaintiff's attorney fees because such fees were not taxable against it under any statute. Generally, a party in a workers' compensation case must bear his or her own attorney fees absent a statute providing otherwise. *Gross v Great Atlantic & Pacific Tea Co,* 87 Mich App 448, 450; 274 NW2d 817 (1978), lv den 406 Mich 944 (1979); *Boyce v Grand Rapids Asphalt Paving Co,* 117 Mich App 546, 552; 324 NW2d 28 (1982), lv den 417 Mich 1023 (1983). The wcab found that the attorney fees in this case were taxable against defendant under MCL 418.354; MSA 17.237(354), which provides, in pertinent part:

Except as otherwise provided in this section, the employer's obligation to pay or cause to be paid weekly benefits other than specific loss benefits

under section 361(2) and (3) shall be reduced by these amounts:

\* \* \*

(b) The after-tax amount of the payments received or being received under a self-insurance plan, a wage continuation plan, or under a disability insurance policy provided by the same employer from whom benefits under section 351, 361, or 835 are received if the employee did not contribute directly to the plan or to the payment of premiums regarding the disability insurance policy. If such self-insurance plans, wage continuation plans, or disability insurance policies are entitled to repayment in the event of a worker's compensation benefit recovery, the carrier shall satisfy such repayment out of funds the carrier has received through the coordination of benefits provided for under this section. *Notwithstanding the provisions of this subsection, attorney fees shall be paid pursuant to section 821 to the attorney who secured the worker's compensation recovery.* [Emphasis added.]

Thus, in the event sickness and accident benefits are received under a disability insurance policy provided by the employer, a claim for workers' compensation benefits is subsequently brought and found to have merit, and the disability insurer is entitled to repayment, the workers' compensation benefits carrier must repay the insurer from the funds that it saved through the coordination of the sickness and accident benefits with the workers' compensation benefits. In addition, in such a situation, the worker's attorney fees "shall be paid pursuant to section 821" of the Workers' Disability Compensation Act.

Section 821 of the act provides, in pertinent part:

When a group disability or hospitalization insur-

ance company . . . enforces an assignment given to it as provided in this section, it shall pay, pursuant to rules established by the director, a portion of the attorney fees of the attorney who secured the worker's compensation recovery. [MCL 418.821(2); MSA 17.237(821)(2).]

Defendant stresses that under § 821 the obligation to pay a portion of a worker's attorney fees hinges on whether the disability insurer obtained an assignment of the worker's right to workers' compensation benefits and enforces that assignment. In the instant case, there has been no evidence proffered suggesting that such an assignment was made. Indeed, the WCAB noted that "the parties' arguments assume that no arrangements were made for reimbursement to the [disability insurance] carrier, and our opinion is so premised." In addition, defendant in this case apparently is not required to reimburse the disability insurance carrier for the sickness and accident benefits paid. No reimbursement has occurred pursuant to MCL 418.354; MSA 17.237(354), but, rather, only "an accounting" has been made.

Even though defendant is apparently not technically required to reimburse the disability insurance carrier, and even though that carrier apparently obtained no assignment of plaintiff's right to workers' compensation benefits, we find that § 354, and hence § 821, apply because, under the facts in this case, defendant stands in the place of the disability insurance carrier. As stated by the WCAB:

Without coordination, the S & A [sickness and accident] carrier would normally enforce an assignment of benefits to prevent double recovery by the employee for benefits advanced, as the latter would receive the full rate of compensation bene-

fits. The difference would be reimbursed by the workers' compensation carrier to the S & A carrier, which would then pay its share of attorney fees under Section 821. The problem herein lies in the lack of any reimbursement by defendant or its workers' compensation carrier. If defendant herein is absolved from any reimbursement, is Section 354(1)(b) thereby nullified "notwithstanding the provisions of this subsection"? Does payment of the attorney's fee become solely the *employee's* responsibility, presumably by retaining the difference in S & A benefits that would otherwise be assigned?

Plaintiff herein has had his compensation benefits reduced in the same manner as though he had signed a reimbursement agreement, but defendant (or its compensation carrier) has received coordination credit for that portion of the S & A payments not reimbursed to the S & A carrier. With the credit thus obtained through its obligation to pay only reduced (or no) compensation, it can be reasonably inferred that the employer (and/or its compensation carrier) stands in the place of the S & A carrier under Section 821, thus becoming responsible for the attorney fee based on the S & A benefits representing the balance of workers' compensation. [Emphasis in original.]

Under the circumstances in this case, we do not believe that the disability insurance carrier can be characterized as an insurer independent of defendant since no truly independent insurance company would intentionally fail to take an assignment from a worker for reimbursement of sickness and accident payments in the event of the worker's entitlement to workers' compensation benefits. Under such a scenario, a disability insurer which agrees with an employer not to take an assignment from a worker helps to circumvent the proper payment by the employer of a worker's attorney fees incurred in obtaining workers' com-

pensation benefits, even while the employer reaps the substantial benefit of a coordination credit for any disability payments made by the insurer. In this case, because defendant stands in the place of the disability insurance carrier, defendant, under § 821, is required to pay a portion of plaintiff's attorney fees incurred in securing workers' compensation benefits.

We find without merit defendant's argument that the WCAB decision is at odds with the policy enunciated in *Boyce, supra,* where this Court found that a hospital, which neither employed nor authorized the employment of plaintiff's attorney, was not obligated to pay any portion of the plaintiff's attorney fees under MCL 418.315; MSA 17.237(315), and that the plaintiff's attorney was not entitled to recover a percentage fee for the portion of the compensation recovery which represented accrued medical expenses under the appropriate administrative rule in effect at the relevant time, 1980 AACS, R 408.44. *Boyce* is distinguishable from the instant case, however, because here plaintiff relies on statutes which expressly authorized the assessment of a portion of a worker's attorney fees from the amount reimbursable to a disability insurer for advance payments made under an insurance policy. MCL 418.354; MSA 17.237(354), MCL 418.821; MSA 17.237(821); see also *Zeeland Community Hospital v Vander Wal,* 134 Mich App 815, 824; 351 NW2d 853 (1984).

Also without merit is defendant's argument that the imposition of attorney fees in this case undermines the policy articulated in *Ray v Transamerica Ins Co,* 46 Mich App 647; 208 NW2d 610 (1973). In *Ray,* this Court found that, under MCL 418.827; MSA 17.237(827), a workers' compensation insurer cannot be required to pay any portion of a worker's expenses incurred in obtaining a third-party

tort recovery credited against workers' compensation benefits where the third party is also the workers' compensation insurer. To allow such expenses, it was stated, "would be to force the insurer to underwrite plaintiff's litigation." *Ray, supra,* p 656. The instant litigation, however, is not premised on the third-party tortfeasor provisions of the Workers' Disability Compensation Act. Moreover, in this case, in view of the applicability of the statutory attorney fee provisions discussed above, we cannot conclude that defendant is underwriting litigation against itself in the same sense as was the defendant in *Ray.*

Finally, we also believe that the WCAB reached the right result in determining that the attorney fee imposed against an insurer, or in this case against an employer who stands in the place of an insurer, is properly calculated on the basis of precoordination, not postcoordination, benefits. At the time relevant in this case, MCL 418.354(16); MSA 17.237(354)(16) stated:

> Attorney fees provided for under this act shall be based upon the uncoordinated worker's compensation benefit amount.[1]

Also at that time, MCL 418.858; MSA 17.237(858) stated in pertinent part:

> The director, by rule, may prescribe maximum attorney fees and the manner in which the amount may be determined or paid by the employee; but the maximum attorney fees prescribed by the director shall not be based upon a weekly

---

[1] The 1985 amendment to § 354, 1985 PA 103, immediately effective July 30, 1985, deleted subsection 16. Moreover, § 858 was amended to provide that, for claims in which an application under § 847 is filed after March 31, 1986, the maximum attorney fee must be based upon the coordinated workers' compensation benefit amount or, if agreed to by a claimant, may be an amount up to $500.

benefit amount after coordination which is higher than ⅔ of the state average weekly wage at the time of the injury.

The applicable rule regarding attorney fees, 1980 AACS, R 408.44(2), states:

> (2) In a case tried to completion with proofs closed or compensation voluntarily paid, an attorney, before computing the fee, shall deduct from the accrued compensation the reasonable expenses incurred on plaintiff's behalf. The fee that the administrative law judge may approve shall not be more than 30% of the balance.

After citing these provisions, the WCAB concluded:

> We find Sections 354(16) and 858 reconcilable. The latter section's limitation of maximum weekly benefits to no more than two-thirds of the state average weekly wage fixes the base amount from which the 30% fee must be measured. We interpret the reference to "after coordination" as requiring the fee-setting to occur only after the coordination amount of benefits has been computed according to Section 354. The amount of the fee is then measured against and limited by two-thirds of the claimant's average weekly wage and *not* only by the amount of reduced or nonexistent workers' compensation benefits resulting from coordination with other benefits.
>
> Given the direction in Rule 408.44(2) to utilize "accrued compensation" as the base from which to deduct expenses prior to setting fees, we interpret the fee base to include the coordinated amount of workers' compensation benefits *plus* the balance converted into S & A payments, *limited* by ⅔ of the state average weekly wage at the time of injury. [Emphasis in original.]

We agree with this analysis. Moreover, the spec-

ification in subsection 354(16) that under "this act" (which must be interpreted as "this section") a calculation of attorney fees is to be based upon the uncoordinated (or precoordinated) workers' compensation benefit amount does not conflict with § 858 because the latter section, which refers to the computation of attorney fees based on the benefit amount after coordination, refers to the normal situation in which attorney fees are "paid by the employee." Subsection 354(16), on the other hand, refers to situations under § 354 in which an insurance company is entitled to repayment of funds advanced in the event the insured worker subsequently recovers workers' compensation benefits for the same period, requiring payment of a portion of the worker's attorney fee incurred in obtaining the compensation benefits. Accordingly, we find no error in the WCAB's affirmance of the hearing referee's order requiring defendant to pay plaintiff's attorney a fee of thirty percent of the sickness and accident benefits retained by defendant due to the coordination of plaintiff's workers' compensation and sickness and accident benefits.

Affirmed.