## WATKINS v CHRYSLER CORPORATION

Docket No. 96152. Submitted November 18, 1987, at Detroit. Decided March 8, 1988.

Eugene Watkins sustained a head injury while working at Chrysler Corporation in 1979. Medical expenses related to the injury were paid by Blue Cross & Blue Shield of Michigan, Chrysler's health insurer. Watkins filed a petition with the Bureau of Workers' Disability Compensation and, after a hearing in 1980, the referee awarded Watkins weekly benefits and determined that medical expenses related to Watkins' surgery and subsequent care were compensable, but reserved for decision in a separate petition, should the parties be unable to agree, the issue of any medical expenses owed and the proper parties to be paid. An appeal by Chrysler to the Workers' Compensation Appeal Board was dismissed. Watkins then requested a hearing regarding his right to attorney fees related to the medical expenses paid by BCBSM. A hearing was conducted and the referee determined that Watkins was not entitled to attorney fees. On appeal by Susie Watkins (personal representative of the estate of by then deceased Eugene Watkins) to the WCAB, the hearing referee's decision was reversed and attorney fees were awarded. Chrysler sought and was granted leave to appeal in the Court of Appeals.

The Court of Appeals *held:*

1. The WCAB properly concluded that the hearing referee erred in ruling that Watkins was barred by res judicata from seeking attorney fees related to his medical expenses. The hearing referee ruled that his 1980 decision expressly stated that Chrysler is not liable to reimburse Watkins for any of the medical expenses. However, this ruling is erroneous in view of the fact that the same 1980 decision expressly reserved as an issue for a separate petition the question of any medical expenses owed and the proper parties to be paid.

2. The WCAB erred in determining that Watkins' attorney fees are properly payable by Chrysler. Where, as here, an

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 644-647.

Amount of attorney's fees in matters involving commercial and general business activities. 58 ALR 3d 235.

employer or its insurance carrier is not guilty of a breach of the statutory duty to provide medical care or to pay for medical care in a timely fashion, the employer or its insurer should not be made to pay for the employee's attorney fees.

Reversed.

WORKERS' COMPENSATION — MEDICAL EXPENSES — ATTORNEY FEES.

Attorney fees incurred by an injured employee in proceedings before the Bureau of Workers' Disability Compensation in his efforts to seek reimbursement for medical expenses are not payable by the employer or the employer's health insurance carrier where the employer or its insurance carrier is not guilty of a breach of the statutory duty to provide medical care or to pay for medical care in a timely fashion (MCL 418.315; MSA 17.237[315]).

*Thurswell, Chayet & Weiner* (by *Harvey Chayet*), for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for defendant.

Before: D. F. WALSH, P.J., and SHEPHERD and A. T. DAVIS,* JJ.

PER CURIAM. At issue in this appeal from an opinion and order of the Workers' Compensation Appeal Board dated September 23, 1986, is the question whether plaintiff's attorney is entitled to an attorney fee of $9,844.74 from defendant Chrysler Corporation based on medical benefits admittedly received by plaintiff in a timely fashion, pursuant to MCL 418.315; MSA 17.237(315) and 1979 AC, R 408.44 (Rule 14).

Following a hearing, the Workers' Compensation Appeal Board found that plaintiff's attorney was entitled to the contested fee. On the facts of this case, we reverse.

The factual predicate for the instant appeal is as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Eugene Watkins, born December 20, 1916, worked as a sander for Chrysler Corporation from October 13, 1950, to May 4, 1979. On October 5, 1977, while he was using an air hose, the valve came loose and the air pressure came on full blast. As a result, a pipe hit him on the head rendering him unconscious. He was treated and returned to work the next day. On May 4, 1979, a valve again came loose and he was hit on the head again. The incident was not observed nor reported, and Watkins' wife was informed that her unconscious husband was drunk.

Mrs. Watkins took him home and the next day she took him to Sinai Hospital, where he underwent surgery for a blood clot in his brain and to remove a bone chip. On June 21, 1979, he filed a petition for hearing, alleging a head injury disability. On August 1, 1980, another petition for hearing was filed. A hearing was held on August 1, 1980, before Referee James H. Coss, and medical depositions and records were submitted. The referee awarded open benefits by decision mailed August 28, 1980, and made the following findings:

> IT IS FURTHER ORDERED that medical related to the surgery of 5-9-79 and subsequent after care is found as compensable and, if the parties are unable to agree on the exact sums owed and the proper parties to be paid, then a further petition could follow for an exact determination and, in addition, the application of any agreements under Section 412.21 of the Act. As the plaintiff has shown some continuing improvement of his physical and ambulatory abilities since the injury date, it would appear that a rehabilitation therapy program should be instituted under Section 412.4A of the Act and if there is a change or improvement in the disability status or if the employees [sic] fails to cooperate with a properly tendered rehabilitation program then a further adjudication before

this Bureau would be in order. However, there is no question, based on the proofs submitted, but that plaintiff is entitled to continuing weekly benefits and they are awarded herein.

Defendant employer appealed, but the appeal was dismissed on November 24, 1980, for failure of defendant to pay seventy percent benefits. On December 8, 1980, plaintiff's attorney, Harvey Chayet, wrote a letter to the Director of the Bureau of Workers' Disability Compensation, requesting a hearing regarding his right to an attorney fee related to the medical expenses paid by Blue Cross and Blue Shield of Michigan.

The hearing was scheduled for March 10, 1981, before Referee Joseph L. Chylinski, and the petition was withdrawn "pending plaintiff's presentation of the medical billings . . . to defendant for payment, pursuant to Judge Coss' order of 8-4-80."

A hearing was ultimately held before Referee Coss on December 9, 1981, and a BCBSM representative testified. On February 17, 1982, Referee Coss mailed a decision denying the request for attorney fees for plaintiff's attorney. He made the following findings, in part:

> At the outset, it is clear that plaintiff has no right to reimbursement of those amounts paid by Blue Cross/Blue Shield for his medical treatment. The August 28, 1980 decision rendered in this case, which has now become final, expressly indicates that defendant is not liable to reimburse plaintiff for any of the medical expenses. Having failed to appeal from this decision, plaintiff cannot now attempt to relitigate this issue. See *Steel v Suits News Co*, 1980 WCABO 699 and *Mason v Westram Corp*, 1980 WCABO 980. Further, that portion of MCL 418.315; MSA 17.237(315) that deals with medical reimbursement to plaintiff only refers to the employee being reimbursed "for the

reasonable expense paid by him . . . ." In the present case, plaintiff has not paid for the medical treatment provided and to provide reimbursement directly to plaintiff would do nothing but provide plaintiff with a large windfall.

The remaining question herein centers upon plaintiff's attorney's claim of a right to a fee resulting from any reimbursement by Chrysler Corporation to Blue Cross/Blue Shield of those amounts paid by Blue Cross/Blue Shield for plaintiff's hospitalization and treatment for his disabling condition. Although the provisions of MCL 418.821(2); MSA 17.237(821)(2) might authorize such an attorney fee in an appropriate situation, that section requires, as a minimum, the existence of a written assignment executed by the employee. See *Harkle v American Sunroof Corp,* 1980 WCABO 1489 and *Plite v Russell H Coles, Inc,* 1979 WCABO 342. As *Harkle, supra,* and *Plite, supra,* indicate, the subrogation rights contained in the Blue Cross/Blue Shield policy do not constitute a valid assignment under MCL 418.821(2); MSA 17.237(821)(2) and, in the absence of any other evidence herein demonstrating the existence of a valid assignment, plaintiff's attorney cannot rely upon this statutory provision to support his right to an attorney fee.

Similarly, plaintiff's attorney cannot avail himself of the third-party reimbursement provision of MCL 418.315; MSA 17.237(315); to support his right to an attorney fee in this matter. The statutory provision sets forth the employer's duty to provide reasonable medical, surgical and hospital services and medicines for a personal injury arising out of and in the course of his employment and further states:

"If the employer fails, neglects or refused [sic] so to do, the employee shall be reimbursed for the reasonable expense paid by him, or payment may be made on behalf of the employee to persons to whom the *unpaid* expenses may be owing, by order of the hearing referee. The hearing referee may prorate attorney fees at the contingent fee rate

paid by the employee and may also prorate payments in the event of redemption." (Emphasis added.)

As the above quoted statutory provision indicates, it is applicable only to expenses paid by plaintiff, which is not the situation here, or to *unpaid* expenses, such as the bills of doctors, nurses, or other vendors of medical services. See *Plite, supra* (Gillman Ch. concurring). By its own terms, the statutory provision does not authorize reimbursement of an insurer, such as Blue Cross/Blue Shield, who has previously paid for an employee's medical expenses, to petition the Bureau for reimbursement. Moreover, it should be noted that in the present case Blue Cross/Blue Shield expressly indicated that it is not seeking reimbursement herein and has further indicated that plaintiff's attorney was never authorized to represent it in obtaining any such reimbursement. Nothing in the Workers' Disability Compensation Act authorizes imposing the representation of plaintiff's attorney upon Blue Cross/Blue Shield or upon other third parties.

In conclusion, there being no provision in the Act authorizing the relief sought by plaintiff herein, plaintiff's request for reimbursement of medical expenses paid by a third party, Blue Cross/Blue Shield, and plaintiff's attorney's request for an attorney fee are DENIED.

As previously noted, the appeal board reversed the referee's decision and awarded the attorney fee to plaintiff's attorney.

Defendant Chrysler Corporation raises two issues, which we have framed as follows:

I. DOES RES JUDICATA BAR PLAINTIFF'S ATTORNEY'S CLAIM FOR ATTORNEY FEES ASSERTED SUBSEQUENT TO THE INITIAL AWARD HEARING OF AUGUST 1, 1980?

II. DID ERROR REQUIRING REVERSAL RESULT FROM
THE WORKERS' COMPENSATION APPEAL BOARD ORDER
WHICH DIRECTED DEFENDANT TO PAY PLAINTIFF'S
ATTORNEY FEES UNDER MCL 418.315; MSA 17.237(315)?

The appeal board addressed defendant's first
issue in its September 23 opinion as follows:

> The administrative law judge's 1982 findings and
> defendant's claims on appeal is that *res judicata*
> bars plaintiff from petitioning for determination of
> entitlement to reimbursement for any amounts
> paid by BCBSM, as the 1980 decision expressly held
> that defendant was not liable to reimburse plain-
> tiff for any of those expenses, with plaintiff's fail-
> ure to appeal rendering it a final judgment on that
> issue. *Gose v Monroe Auto Equipment Co,* 409
> Mich 147 [294 NW2d 165] (1980); *Steel v Suit[s]
> News Co,* 1980 WCABO 699; *Mason v Westram
> Corp,* 1980 WCABO 980.
>
> However, the administrative law judge's 1980
> order expressly reserved all compensable medical
> expenses incurred on and after May 9, 1979 as the
> subject of a separate petition for determination of
> payments of expenses to specific parties. That
> defendant is not required to reimburse plaintiff
> directly by terms of that same order is shown
> therein not to abrogate defendant's ultimate re-
> sponsibility for payment of the medical expenses
> paid on plaintiff's behalf. While plaintiff may not
> be able to assert any contingent rights of recovery
> held by BCBSM, he is not barred from seeking here
> a determination of any attorney fee to which he
> may be entitled based on BCBSM's right to reim-
> bursed expenses. This is a separate and unadjudi-
> cated issue. *Gose, supra.*

We agree with the conclusion reached by the
appeal board and find no merit in this issue.

Defendant's second issue is the crucial issue in
this case, and it is at this juncture that we find the

appeal board erred in interpreting the applicable law, necessitating reversal.

The background of this issue is complex, and has previously been reviewed by this Court. It can be briefly explained by this excerpt from *Boyce v Grand Rapids Asphalt Paving Co,* 117 Mich App 546, 550-552; 324 NW2d 28 (1982):

> A more difficult argument is presented with respect to plaintiff's claim that the attorney fees should be paid by the employer or the insurance carrier.
>
> In pertinent part, MCL 418.315; MSA 17.237(315), provides:
>
> "The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. . . . If the employer fails, neglects or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by him, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the hearing referee. The hearing referee may prorate attorney fees at the contingent fee rate paid by the employee. . . ."
>
> The final sentence of this statutory provision could be construed to require either the employer or insurance carrier to pay plaintiff's attorney fees. However, the administrative rules of the Workers' Compensation Bureau have interpreted this provision in another manner. Rule 14 of the Bureau of Workers' Compensation which was in effect on the date of plaintiff's injury contains the following pertinent subrule:
>
> "(2) In a case tried to completion with proofs closed or compensation voluntarily paid, an attorney shall first deduct the reasonable expenses from the accrued compensation which have been

incurred by the plaintiff. The fee which the referee may approve shall not be more than 30% of the balance." 1972 AACS, R 408.44.

This rule then contemplates the computation of attorney fees on the amount remaining of an award after reasonable expenses have been deducted. Subrule 5 of Rule 14 which was in effect on the date plaintiff was injured defined "reasonable expenses" to include:

"(a) Hospital expenses.

"(b) Surgical expenses.

"(c) Medical expenses.

"(d) Statutory burial expenses.

"(e) Medical examination fee and witness fee.

"(f) Any other medical witness fee including costs of subpoena.

"(g) Cost of court reporter service.

"(h) Appeal costs."[1] 1972 AACS, R 408.44.

Under this rule, an attorney cannot recover a percentage fee for any portion of a compensation recovery which represents accrued medical expenses. As the dissenting member of the appeal board recognizes, this rule may represent an unwise policy. That is, an attorney may be reluctant to take a case in which accrued compensation is small but where accrued and unpaid medical benefits are substantial if he cannot recover his fee from the medical benefits portion of the award. In such a case, the potential fee might not merit the necessary effort.

Quite likely, there are cases in which Rule 14 serves no injustice. As was noted in the dissenting opinion of the appeal board:

"[I]t might not be appropriate to award attorney fees for expenses for medical services in those situations where it later turns out that the employer did not have the slightest notice or knowledge that they were needed or did not in any manner fail or neglect to provide or pay for such services."

In other cases, however, where the employer or its insurance carrier is guilty of a breach of the

statutory duty to provide medical care or to pay for medical care in a timely fashion then the employer or its carrier, and not the employee, should bear the burden of the attorney fees. As a matter of policy, where an employer or an insurance carrier refuses to pay mandatory medical benefits, justice would be served by requiring the employer or the insurance carrier to pay the attorney fees of plaintiff's counsel. The problem is, however, that neither the statute nor the rules of the Bureau of Workers' Compensation so provided. The bureau is bound by its own rules. *Bohannon v Sheraton-Cadillac Hotel, Inc,* 3 Mich App 81; 141 NW2d 722 (1966). In this case, therefore, the appeal board correctly held that plaintiff's counsel's attorney fees could not be collected from plaintiff's employer, its insurance carrier, or the defendant hospital.

---

[1] We do believe that this rule was amended in 1979, deleting subsections (5)(a)-(d), thus allowing plaintiff's attorney a larger recovery. However, all relevant matters occurred before this amendment. We decline to hold it retroactive. Plaintiff's contingency fee contract required the fee to be set in accord with statutes and applicable rules then in force. Subsequent amendments, if held retroactive, would alter this contract. This we cannot allow. *Byjelich v John Hancock Mutual Life Ins Co,* 324 Mich 54; 36 NW2d 212 (1949).

---

In this case, the date of injury came after the effective date of the new version of Rule 14. Accordingly, the appeal board ordered defendant Chrysler Corporation to pay to plaintiff's attorney an attorney fee of $9,844.74. Its somewhat oblique opinion relies on the above dictum from *Boyce* and a peremptory order in the case of *Gordon v Jenkins, Nystrom & Sterlacci, PC,* Court of Appeals Docket No. 70646 (June 29, 1983), although it discusses many more cases.

The problem here is that the appeal board has ignored the policy aspect of the dictum from *Boyce. Boyce* says, in dictum, that "where the

employer or its insurance carrier is guilty of a breach of the statutory duty to provide medical care or to pay for medical care in a timely fashion then the employer or its carrier, and not the employee, should bear the burden of the attorney fees." But in this case, plaintiff's medical expenses were timely and quickly paid by Chrysler's health and accident insurer, BCBSM. There was no neglect, no breach of duty, no failure to provide medical care. Compare *McCaslin v General Motors Corp,* 133 Mich App 782; 349 NW2d 544 (1984).

BCBSM has not sought reimbursement of medical expenses from Chrysler, and counsel for plaintiff does not purport to represent BCBSM's interests in any capacity.

It is uncontested that the agreement between Chrysler and BCBSM which affords medical coverage to Chrysler's employees requires Chrysler to pay as a premium to BCBSM the actual cost of the preceding year's expenditures by BCBSM on behalf of Chrysler's employees plus an agreed-upon premium for administration of the program. This arrangement facilitates the spirit and intent of § 315 of the Workers' Disability Compensation Act. To now impose an unearned attorney fee on Chrysler based on a percentage of the voluntary and timely medical benefits afforded its employees would be unconscionable and would likely give rise to the very type of problem that § 315 seeks to preclude.

Reversed; costs to defendant.